## THE ILLINOIS CENTRAL RAILROAD COMPANY

### v.

## ISAAC A. ARNOLD.

1.  RAILROADS—*what is negligence.*   Where a cow entered the close of another, through an insufficient fence upon the highway, and passed from thence through a space made for bars, and used as a farm crossing, upon the railroad track and was killed,  and it was proved that the bars had been left  down for a period of three months:   *Held*, that the statute required the railroad company to "erect and maintain" a sufficient fence, of which the bars were a part, and that the company were guilty of negligence for allowing them to remain down for so long a time.

2.   But it seems that if the bars had been taken down by the owner  or  occupant of the farm, for whose use they were made, and the crossing permitted by the railroad company, and he had neglected to replace them, his own act would prevent a recovery in a suit brought by him.

3.  TRESPASS—*of cattle, what constitutes.*   Under the laws of this State cattle may go at large, and if they enter upon private property, they are not trespassers, unless such property is surrounded by a statutory fence.

APPEAL from the Circuit Court of DeWitt county; the Hon. JOHN M. SCOTT, Judge, presiding.

The  facts are fully stated in the opinion.

Mr. C. H. MOORE, for the appellant.

Mr. H. S. GREENE, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The cow of the appellee, Arnold, was killed by a train of the appellant, where the road passes through the farm of one Thomas Snell.   The cow had  come upon  his farm  from the public highway, through an insufficient fence, and passed from thence on to the railway track through an open space, designed

174      Ill. Cent. R. R. Co. *v.* Arnold.     [Jan. T.,

Opinion of the Court.

as a farm crossing, where the company had erected bars about a year before the accident. The bars, however, had been down and wholly neglected for three months. On these agreed facts the court gave judgment for the plaintiff below.

If the bars had been taken down by the owner or occupant of the farm, and he had neglected to replace them, it might be urged, with great propriety, that his own acts would prevent a recovery in a suit brought by him. But in this suit it is immaterial whether the bars were taken down by the company or the occupant of the adjacent land. The company was guilty of negligence, under the statute, in allowing them to remain down for three months. The statute required the company to " erect and maintain " a sufficient fence, and of this fence the bars were a part. *Great Western R. R. Co.* v. *Helm,* 27 Ills., 199.

It is urged, however, that the cow of appellee was a trespasser on the farm of Snell. But under the law of this State, as long since settled by this court, cattle may go at large, and if they enter upon private property they are not trespassers unless such property is surrounded by a statutory fence. The fence, in this case, between the farm of Snell and the highway, was admitted to be insufficient, and, in determining the rights of the appellee, they must be passed upon as if no fence whatever had been there. If there had been no fence on the highway, it would hardly be contended that the company was not liable for allowing this opening in the railway fence to remain three months, and its track subject to be entered upon by all the animals running at large in the neighborhood, and a fence less than that required by law around the farm of Snell did not change the aspect of the case.

The judgment of the circuit court was in accordance with the former decisions of this.court, and must be affirmed.

*Judgment affirmed.*