# The Ohio and Mississippi Railway Co.

*v.*

# Alfred C. Jones.

1. Railroad companies—*liability of, for killing stock in counties where domestic animals are prohibited from running at large.* The "Act (of 1867,) to prevent domestic animals from running at large in certain counties," is not so far inconsistent with and repugnant to the general railroad law requiring railroad companies to fence their roads, as by necessary implication to repeal the latter, and where animals escape from their enclosure within such counties, without the fault or knowledge of the owner, and stray upon a railroad track at a point where the company have failed to comply with the law requiring them to fence, and are killed by collision with trains, the company are responsible for the damage.

2. The provision of the act of 1867, that the owners of domestic animals shall not suffer the same to run at large, does not apply to such a case, the term "suffer" as used in the act implying a permission on the part of the owner.

Appeal from the Circuit Court of St. Clair county; the Hon. Joseph Gillespie, Judge, presiding.

This was a suit brought by Jones against the railroad company to recover the value of a horse alleged to have been killed on the defendant's road through the negligence of the company. The case was submitted to the circuit court upon the following agreed state of facts:

1. That the plaintiff's horse, worth $100, was killed by a train on defendant's railroad, where, by law, it was required to fence, but had neglected so to do.

2. That "An act to prevent domestic animals from running at large in Monroe, St. Clair, and other counties," approved March 7, 1867, was in force at the time and place where the horse was killed.

3. That the horse, at the time, was not at large with the owner's consent, but had escaped from his enclosure and

strayed upon the railroad without the knowledge of the plaintiff.

4.   That the plaintiff's fence was from four to six feet high, and was deemed sufficient to turn stock; and that the horse had never broken out before.

Upon these facts the court rendered judgment for the plaintiff.   The defendant appeals.

Mr. H. B. BUXTON, for the appellant.

Messrs. KASE & WILDERMAN, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The only question presented for determination is, whether the "act to prevent domestic animals from running at large in certain counties," (Sess. Laws 1867, p. 97,) repealed the law requiring railroads to fence their roads.

The general railroad law requires railway companies to erect and maintain fences on the sides of their road sufficient to prevent horses, etc., from getting on to such railroad; and for neglect so to do, the corporation is rendered liable for any injury to stock done by its agents or engines.

The appellant corporation had not fenced its road at the place where the horse was killed.

The law of 1867, which is set up as a defense, provides that the owners of domestic animals shall not *suffer* the same to run at large.

It was admitted that the horse was not at large with the knowledge or consent of the plaintiff, but had strayed from his enclosure, and therefore he did not suffer him to run at large.   This term, in the law, implies permission.

The corporation had wilfully neglected the performance of a duty imposed by the statute.   The other party had not violated the law.   Hence, the omission to fence created a liability on the part of the railroad company.

The statutes referred to are not so inconsistent and repugnant that one repeals the other by necessary implication. The mere enactment that owners of domestic animals shall not *permit* them to run at large, does not supply or supersede the necessity for the police regulation, which requires railroad corporations to fence their roads. The regulation is needed for such an instance as the present.

We know that horses and cattle often escape from the enclosure of the owner, notwithstanding the utmost care, without his knowledge and consent, and when all reasonable efforts may be made to prevent it.

The legislature certainly never intended to repeal a wise and beneficent law, so necessary to the protection of the property of the citizen, and license these corporations to destroy it, with impunity.

The existence of both these statutes was recognized by this court in *C. and N. W. Railway Co.* v. *Harris,* 54 Ill. 528.

The judgment is affirmed.

*Judgment affirmed.*