THE CHICAGO & ALTON RAILROAD COMPANY

v.

JOHN O'BRIEN.

*Railroads—Negligence of—Defective Fence—Injury to Stock—Gate—Evidence—Pleading—Practice—Instructions.*

1. Under the circumstances of the case at bar a gate is to be considered a part of a fence.

2. Where the condition of a certain gate was one of the issues involved, testimony that "anything that would touch it would throw it down" and that "most any animal would throw it down" was not objectionable because it was an opinion, or as invading the province of the jury.

3. A formal objection to a question put to a witness must be specific-

ally stated when made, and can not afterward be raised under a general objection to the witness testifying at all in the case.

4.  A question calling for the general opinion of a witness as to whether a fence was "sufficient to hold stock" is improper.

5.  Evidence that the foreman of the section hands of the section within which a given gate was situated, was a competent and careful man for the work in which he was engaged, is inadmissible.

6.  It is proper for courts to refuse to repeat instructions.

7.  An *ad damnum* placed at $500 is sufficient to sustain a verdict for $275, although in the body of the declaration the damages are put, under a *videlicet*, at $200.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. J. R. FLANDERS and BROWN & KIRBY, for appellant.

Messrs. HALEY & O'DONNELL, for appellee.

LACEY, J.   The appellee sued appellant in the Circuit Court to recover the value of two colts alleged to have been so injured by a train of appellants that they had to be killed, and also averring that the cause of the killing was that the fence of appellant was defective, and by means of its failure to keep a good fence the colts strayed upon the track and were killed.

The appellant denied the allegation as to the defective condition of the fence, and contended that the colts got upon the track through an open gate at a farm crossing, which was left open by some one during the night before or on the morning of the injury, without appellant's fault, and without notice that the gates had become open.

The trial resulted in a verdict for appellee for $275, and motion by appellant for a new trial being overruled, judgment was rendered on the verdict.   The cause comes here by appeal and several causes are assigned for error.   The objections urged to the recovery are, that the court erred in admitting improper evidence for appellee and rejected proper evidence offered by appellant, and in giving improper instruc-

tions on the part of appellee and refusing proper ones asked for by the former; also, the damages were excessive, being more than claimed for in the declaration, and that the verdict was against the weight of the evidence.

It appeared from the evidence that the gate was a poor one, with only three boards, and no fastenings on it except to shove the end between the two posts. The wind would blow it out there between these two posts. The fence was set on the ground where the rock came to the surface or nearly so, and the posts were not sunken in the rock; nothing but the soil to sustain the posts. The gate was entered into the posts about an inch; anything that would touch it would throw it down.

An objection is made that appellee, when on the stand as a witness, was allowed to testify that "anything that would touch it (the gate) would throw it down," and also that he had about six hundred acres in his farm. Also, one Noonan was allowed to testify that "most any animal would throw it (the gate) down." This, it is claimed, was allowing the witness to give his opinion. We see no error in allowing these answers. It may be, in some sense, an opinion as to the amount of force that it would require to force the gate open, but such evidence, we think, is allowable to show what is the common observations of men, and of the particular witness. It is not an opinion as to the negligence of appellant, and does not invade the province of the jury. It is not objectionable, as is claimed, because the gate is no part of the fence. The gate is a portion of the fence. So held in C., N. & W. Ry. v. Harris, 54 Ill. 528; I. C. R. R. v. Arnold, 47 Ill. 173; G. W. R. R. v. Helm, 27 Ill. 198. The case of I. C. R. R. Co. v. McKee, 43 Ill. 119, is not in point, as will be seen by reference to it.

It is objected that C. W. Brown, attorney at law, was allowed to testify, what, in his opinion, was a reasonable attorney's fee in the case on trial. It is objected that he should have been asked "what amount of fees were usually paid in like cases where contracts were made." Upon recurring to the abstract and record, we find that while there was an objection and exception against the witness testifying at all in

the cases and before the question objected to was put, yet as to the particular form of the question, or to the question complained of, there was no objection, nor was there any objection to the answer. If there had been objection, the form could have been changed; as it would have been proper to do, to meet the objection here urged. The objection sustained by the court to the question put to one of appellant's witnesses as to whether, in his opinion, the fence built in that manner was sufficient to hold stock, was properly sustained. It was a mere opinion as to a general result.

The question put to one of appellant's witnesses as to whether Mr. Bagnoll, a section foreman having charge of a gang of men who had charge of the section where the gate was situated, was a competent and careful man to do the work in which he was engaged, was not improperly ruled out. As the condition of the gate was shown, and as Bagnoll did not have the personal charge of watching the gate at all times, but only was overseer of the men whose duty it was to watch the fence and gate, we think the evidence had too remote a tendency to approve that the gate was in good order and properly guarded, and had no value as evidence, though it might not have been entirely improper to have admitted it if it had been shown that he personally had the care of this particular gate at the time, and that the care was not intrusted to the men under him.

It is complained that the court erred in refusing appellant's offered instruction No. 1, which was refused by the court. The purport of the instruction was, that if the gate was constructed, kept closed and maintained with ordinary care on the night of the accident, etc., then the appellants would not be liable.

While this instruction was entirely proper, the court was justified in refusing it, because an instruction, No. 2, the same in substance, had already been given at the appellant's request, and the court was not bound to repeat it; and, in fact, it is the proper practice for courts not to repeat the instructions. The instructions given for the appellee appear to be in proper form and unobjectionable. The point made, that the declara-

First Nat. Bank v. Adam.

tion only charged the horses to be worth $200, and therefore the verdict is too large, is not well taken. This allegation was in the body of the declaration, and under a *videlicet,* but the *ad damnum* placed the damages at $500. This is sufficient to sustain the judgment in this court. If the objections had been made in the court below, the declaration might have been amended.

The motion for a new trial did not specify as one of the grounds that the damages were excessive, neither is it assigned for error here. The verdict appears to be supported by the evidence. Finding no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*