# Chicago & Alton Railroad Company v. F. M. Morton and G. W. Morton.

1. RAILROAD COMPANY—*Duty to Erect Gates, etc.*—The statute makes it the duty of a railroad company to erect and maintain suitable and sufficient fences, and where a gate is a part of a fence the same duty applies to the gate.

2. SAME—*Gates and Fences.*—In fencing railroads where gates are necessary they are to be considered as parts of the fence.

3. INSTRUCTIONS—*On Points About Which There is No Dispute.*—It is not necessary to incorporate in an instruction an element about which there is no dispute.

**Memorandum.**—Action for killing horses. In the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; defendant appeals. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

*Plaintiff's Instruction No. 1:*

If the jury believe from the evidence that defendant failed to keep and maintain suitable and sufficient fences and gates along its right of way where the said right of way passes through that portion of the Morton farm mentioned in evidence, to prevent horses from getting on the railroad, and by reason thereof plaintiff's horses strayed or wandered upon the track and right of way of defendant, as charged in the declaration, and if the jury further believe from the evidence that while the horses were so on the railroad track the engine-driver, at the time and just before the horses were struck by the engine, was careless and negligent in looking out for obstructions on the road, and carelessly and negligently ran the engine as charged in the declaration, and if the jury further believe from the evidence that by reason of defendant's failure to keep and maintain such suitable and sufficient fences and gates as above stated, and by reason of the negligence of the engine-driver as above stated the horses were killed, and that by the use of ordinary care and prudence he could have discovered that the horses spoken about by the witness were on the railroad, and that he could without danger, by the use of ordinary care, have stopped the train before striking the horses, and did not do so, and by reason of said negligence and want of care the horses were killed, then you should find for the plaintiff.

WILLIAM BROWN, attorney for appellant.

O. P. THOMPSON and E. L. MCDONALD, attorneys for appellees.

Mr. Justice Wall delivered the opinion of the Court.

The appellees recovered a judgment for $4,800 against the appellant in an action on the case for damages sustained by reason of the killing of seven horses belonging to appellees by an engine with a train of cars attached passing over appellant's railroad. The declaration alleged in the first count that the appellant neglected to provide suitable and sufficient fences to prevent horses getting on the road whereby the horses in question strayed upon the track and were struck and killed; the second count alleged that the train was negligently, carelessly and recklessly handled and managed, whereby, etc.; the third averred neglect to fence properly and that the locomotive was negligently and willfully driven upon the stock.

The jury found specially that there was no negligence in the management of the train, but that the fence was not suitable and sufficient to prevent horses from getting on the track. If the latter finding was supported by the evidence, the appellant was liable.

On this point the proof is that there was a gate for a farm crossing, opening from the right of way to the pasture of the appellees through which the stock came onto the track.

There was testimony tending to show that this gate was not sufficiently safe; that it was somewhat rotten at the points where the hinges were placed so that the frame would slip back, and that the stake which had been driven down to keep the head of the gate from passing the head post had rotted off, and that, although the fastening, consisting of a chain and hook, was fairly good, yet the gate would play back and forth with nothing but the chain and hook to hold it. In this condition it was subject to be opened by the action of the wind or by stock rubbing against it. We are not prepared to say that the conclusion reached by the jury on this point is opposed to the evidence.

It may be that the gate was left open by some person passing through during the night but there is no proof of it.

It is argued that the plaintiffs were guilty of contributory negligence because a few weeks previously their agent, who had charge of the horses, had discovered the condition of the gate and had placed the stake against it in such a way as to prevent it from passing the post, and that having such knowledge of the condition of the gate they were bound to exercise some special care in regard to it, either by reporting to the company or by removing the stock from the pasture.

The statute made it the duty of the company to erect and maintain a suitable and sufficient fence, and where a gate is a part of the fence the same duty applies to the gate as to any other part of the fence.

The appellees had the right to rely upon the company to perform this duty and to expect that it would exercise such vigilance as might be necessary to discover that the gate was getting out of repair and becoming unsafe.

Had the section men been duly careful they would have seen the stake propped against the gate and would have made the necessary repairs. We do not think it was the duty of appellees to do more or otherwise than they did, and we are of opinion that on the facts there was no room to charge them with such contributory negligence as would bar a recovery.

It is urged that the first instruction given for appellees is erroneous in that it makes it the duty of appellant to maintain suitable and sufficient fences *and gates* when the declaration makes no charge of negligence in respect to gates but only in respect to fences. We think the gate may be regarded as a part of the fence. I. C. R. R. Co. v. Arnold, 47 Ill. 173; C. & N. W. Ry. v. Harris, 54 Ill. 528.

It was evidently so regarded on the trial, for there was no objection to the proof concerning the condition of the gate on the ground that there was no allegation in the declaration under which it was admissible. Not only so, but in a number, at least five or six, of the instructions given for defendant, the subject of the gate and the duty of the company in relation thereto appeared quite prominently.

It is too late now to raise such objection.

Another objection is that the instruction did not require the jury to find that the railroad had been open and in use for six months.

There was no contention on this point, for it appeared that the road had been in operation for a number of years. It was not necessary to incorporate in the instruction an element as to which there was no dispute.

A third objection is that it required the engineer to keep a lookout for obstructions and to discover the horses on the track, and was not only not based on the evidence but in conflict with the ruling announced in I. C. R. R. Co. v. Noble, 142 Ill. 578. Had this assumed duty of the engineer and neglect thereof been made a ground of recovery the objection would be well taken, but it will be seen that this is added to the alleged negligence in failing to maintain sufficient fences whereby the animals came on the track.

If by reason of such neglect to fence the animals did stray on the track and were killed by a passing locomotive, the plaintiffs had a good cause of action, and it was not necessary for them to prove negligence on the part of the engineer.

So far as the instruction added this element to that of negligence in regard to the fence, it furnished no ground of complaint to the defendant, for it merely required more than was necessary to make out the plaintiff's case.

A further objection that the instruction ignored the contention that the plaintiffs were guilty of contributory negligence need not be noticed if we are correct in the view already stated that there was no occasion to charge them with such negligence.

It is objected that the second and third instructions are faulty in that the second omits any rule or basis for the determination of the damages, and that the third compels the jury to subordinate their own judgment to that of the witnesses as to the values of the animals killed.

The second instruction merely stated that if they found for the plaintiffs they should "assess the damages at such

amount as the evidence in the case shows they are entitled."
We see no objection to this, nor is it suggested what rule or
basis could be furnished to aid the jury in considering the
evidence on this point, which consisted wholly of a descrip-
tion of the horses, their qualities, etc., and the estimates of
the witnesses as to their value.

The third instruction advised the jury that they should
be governed by the evidence before them as to the value of
the horses killed.

This was correct. There was no evidence offered by the
defendant as to the value of the horses—and while the wit-
nesses for the plaintiffs did not agree precisely in their esti-
mates, there was nothing else before the jury on that
branch of the case. While the jury were at liberty to con-
sider the evidence in the light of their own judgment and
experience and give it such weight as they might think it
deserved, still they were to rely on it and make up their
conclusion from it. We think this criticism not valid, and
the more so in view of the fact that there was no contest
as to the valuation, and that it was not alleged in the motion
for new trial, nor is it urged in the brief that the damages
awarded are excessive.

The fourth instruction read thus: "If the jury believe
from the evidence that the plaintiffs should recover in this
case, the form of your verdict will be," etc. It is objected
that it left the determination of the law as well as the fact
to the jury, since they might believe the plaintiff should
recover when the law was clearly the other way. The in-
struction was intended to advise the jury merely as to the
form of their verdict in case they should find for plaintiffs,
and was not intended nor can we believe it was by them
understood as authority to find for plaintiffs, except in con-
formity to the preceding instructions, wherein the court
undertook to state the law applicable to the case.

No complaint is made in the brief as to the action of the
court in regard to the instructions asked on behalf of ap-
pellant.

It appears that some were refused and some were modi-

fied, but that the law was given very fully and very favorably to the appellant upon all the points involved.

The case has been twice tried by jury, both verdicts being for the plaintiffs, and in view of the evidence upon the main question at issue, the sufficiency of the fence, and of the rulings of the court, we are of opinion the judgment must be affirmed.