FULLER v. LENDRUM ET AL.

1. **Judgment:** SATISFACTION OF: EVIDENCE CONSIDERED. Evidence in respect to the satisfaction of a judgment rendered eighteen years before, considered and held sufficient to show, after the great lapse of time, that the judgment had been discharged.

2. **Estate:** WITNESS: DISQUALIFYING INTEREST. Where a judgment upon a promissory note in favor of an estate is sought to be enforced against the indorser, the principal debtor is a competent witness as to personal transactions between the deceased and the indorser, as he has nothing to gain or lose, whatever the result may be.

*Appeal from Polk District Court.*

MONDAY, APRIL 24.

IN September, 1860, Edwin Hall recovered a judgment against Jonathan Lyon and Franklin Fuller upon a promissory note executed by Lyon to Fuller and by him indorsed to Hall. An execution was issued upon the judgment in December, 1860, and was returned, April 2, 1862, " no property found," wholly unsatisfied. Edwin Hall died in September, 1864, and, shortly thereafter, Synthia J. Hall, his

widow, was appointed administratrix of his estate. The estate was quite large and the settlement was proceeded with in the usual manner. Claims were collected and debts paid, and a final settlement of the estate was made in the probate court in October, 1869, and the administratrix was discharged and directed to turn over to the heirs the assets found to be remaining in her hands. Pending the administration, an execution was issued upon the judgment against Lyon and Fuller, which was returned unsatisfied, for what reason does not appear by the return. In 1872 the widow removed with her children to Utah and remained there until her death, which occurred in November, 1879. Her children, who are the only heirs of Edwin Hall, deceased, still reside in Utah, and all of them were of full age prior to the death of the widow.

In July, 1878, an execution was issued upon said judgment at the instance of the defendant, St. John, who was on the same day appointed administrator *de bonis non* of the estate of Edwin Hall.

This action was commenced in equity to restrain and enjoin the defendant, Lendrum, who was sheriff, from proceeding to enforce the execution as against the property of the plaintiff, Fuller. It is claimed that in 1861 the judgment plaintiff, Hall, and Fuller, who was liable as surety or indorser for Lyon, made a settlement and accord of the liability of Fuller on the judgment by which Fuller was to be fully discharged therefrom in consideration that he should cause to be paid to Hall two notes held by him on one Wicks. That Fuller fully performed said agreement and was therefore discharged. The cause was sent to a referee who reported adversely to the plaintiff. The report having been returned to the District Court and exceptions taken thereto by the plaintiff, the same was set aside and the sheriff was perpetually enjoined from further proceedings upon the execution. Defendants appeal.

*St. John & Williams*, for appellants.

*H. W. Maxwell* and *C. C. Cole*, for appellee.

ROTHROCK, J.—We think the main, and indeed, the decisive question in the case is, was the plaintiff fully discharged from all liability upon the judgment by a valid agreement made with Edwin Hall? To sustain the claim of plaintiff that he was discharged, he called Jonathan Lyon, his co-defendant in the judgment, as a witness. Lyon testified, in substance, that after judgment was rendered, Hall, Fuller, and himself went to a law office to have the judgment arranged, and that witness understood that if Fuller would pay a certain other debt due Hall from a third party, or cause it to be paid, that Hall would release Fuller from the judgment, and that afterwards Hall acknowledged to the witness that Fuller had paid him. It is true the witness does not claim that he can give the language of Hall and Fuller, at the interviews of which he speaks, and objection is made to his testimony because he gives only his understanding and is unable to repeat the language. But, as we understand the record, he testified that Hall said the judgment had been paid by Fuller, that is, that Fuller by paying the notes of the third party had been released from the judgment.

*1. JUDGMENT: satisfaction of: evidence considered.*

It is claimed by appellants that there are certain circumstances in evidence, which show that the admission of the satisfaction of the judgment as to Fuller could not have been made by Hall. Giving these circumstances due weight, we are not prepared to say that Lyon is mistaken. There are other circumstances which seem to corroborate him.

Again, this judgment was rendered in 1860, and the execution was issued nearly eighteen years afterwards. The execution which was issued pending the administration on the estate, was returned, as claimed by the plaintiff, because he satisfied the administratrix that he had been released by Hall.

This probably would be nothing more than the declaration of the plaintiff, and not proper evidence in the case. But it is claimed in an amended petition that the debt of the third party which he agreed to pay, or cause to be paid, was two notes held by Hall on one Wicks, and the plaintiff produced two notes on the trial executed by Wicks to Hall. This is a slight circumstance, to say the least, corroborative of the testimony of Lyon. The plaintiff was introduced, as a witness, and if his testimony should be received, it leaves but little doubt that he was discharged from the judgment by Hall upon a good consideration. But he is not a competent witness to transactions between himself and Hall, under section 3639 of the Code, and we cannot consider his testimony. Without his testimony, we think the fair preponderance of the evidence is, that the plaintiff was discharged. In so holding we are largely influenced by the great lapse of time since the judgment was rendered.

It is objected that Lyon is not a competent witness to transactions between himself and Hall because of his inter-

2. ESTATE: witness: disqualifying interest.

est in the event of this suit. We think he has no disqualifying interest. It is not claimed by any one that Lyon has paid the judgment. It is still in full force as to him, and he neither gains nor loses anything by the result, whatever it may be. If the judgment is held to be valid against Fuller, Lyon's rights are in no manner affected, and if Fuller be held to be discharged, the judg- is still in force against Lyon.

II. There are other questions in the case. They are that the estate was fully settled and the letters of administration to St. John are void, and that they were obtained without the knowledge and consent or authority of the heirs, and that the execution was not issued at the instance of any one authorized to act for the heirs. As we have determined that the decree may be sustained upon the ground that the plaintiff was discharged from all liability on the judgment, we need not determine the other questions presented.

AFFIRMED.