## PUMPHREY v. WALKER.

71 383
89 710

1. **Practice**: WAIVER OF ERROR BY PROCEEDING. Where plaintiff's petition had been dismissed, and he filed an amended petition, which defendant moved to strike from the files, but his motion was overruled, *held* that he waived the error, if any, in the overruling of the motion, by filing an answer to the amended petition and going to trial on the issues thus raised.

2. **Verdict**: EVIDENCE: PRIVATE KNOWLEDGE OF JURORS EXCLUDED. Where the uncontradicted and unimpeached testimony of defendant established a good defense pleaded by him to the note in suit, a verdict for plaintiff should not have been allowed to stand on the ground that the jury was justified in rejecting defendant's testimony upon their personal knowledge of his unsavory reputation for truth and veracity.

*Appeal from O'Brien District Court.*

TUESDAY, MARCH 15.

ACTION upon a promissory note. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Alfred Morton,* for appellant.

*P. R. Baily,* for appellee.

BECK, J.—I. The defendant moved the court to strike the petition from the files, and for judgment for costs. It is

**1. PRACTICE: waiver of error by proceeding.**

not necessary to state the grounds of the motion, as no exception was taken to the ruling thereon. The motion was sustained, and the following record of the ruling was made: "Now, to-wit, December 1, 1884, this cause coming on in regular order, the plaintiff appearing by Harley Day, her attorney, and defendant appearing for himself, defendant files motion to dismiss. Motion confessed, and sustained by the court." Afterwards plaintiff filed a substituted petition, which defendant moved to strike. He asked, in his motion, for judgment. It was overruled, and defendant excepts. Had defendant stopped here, he probably would have ground for reversing the action of the court in permitting a substituted petition to be filed in an action which had been dismissed; but he filed his answer to this substituted petition, and proceeded to the trial of the issues raised thereon. He cannot now insist that no action was pending when the substituted petition was filed, for he has recognized the existence of the action by appearing and pleading therein.

II. The answer set up as a defense to the action, was that the note was given for a span of horses purchased by defend-

**2. VERDICT: evidence: private knowledge of jurors excluded.**

ant from the payee, who warranted the horses to be "sound, free from blemish, and true to work," that they were unsound, and one of them was balky and untrue, and that they wholly failed to comply with the warranty; and therefore defendant received

no consideration for the note. Other defenses pleaded need not be recited in the view we take of the case. The note was transferred by the payee after maturity.

The defense first stated was fully supported by the evidence of defendant, who testified positively, directly and clearly to the contract of the warranty, and the failure of the horses to comply therewith, and that the difference of their value in the condition they were in when he purchased them, and what it would have been if they had been sound, was more than the amount of the note. There is not one word in the evidence contradicting defendant's testimony. The fact that the note was held for about seven years after it was due without any effort to enforce its collection, and no attempt to explain the delay, in some measure justifies the conclusion that there was a defense to it. There is an indorsement showing payment of a part of the note before maturity. Defendant testifies that this payment was made by him as a compromise or settlement, and that the payee agreed that he would hold the note, and not "bother" defendant any further in regard to it. The evidence of plaintiff as well as of defendant shows that, when requested by plaintiff to pay the note, defendant stated that he had a defense to it. There is no evidence in conflict with defendant's testimony, and no attempt is made in any manner to impeach him, or in any way to impair his testimony. But counsel for plaintiff, while admitting this, claim that the jury were justified in rejecting defendant's evidence upon their personal knowledge of his "unsavory reputation for truth and veracity." Surely we ought not to be required to say, what is known to every citizen, that cases are tried in our courts upon the evidence adduced by the parties, and not upon the private knowledge or prejudice of the jurors; and that, when a witness whose sufficient intelligence is manifest testifies, his evidence must be accepted, unless he be contradicted or impeached by evidence in the case, or his statements

are improbable in view of other testimony in the case, or are impossible in the nature of things.

In our opinion, the district court erred in overruling defendant's motion to set aside the verdict on the ground that the defense to the note was established without any conflicting evidence.

REVERSED.