HARROW v. BROWN.

1. **Witness:** COMPETENCY: TRANSACTION WITH DECEDENT. Section 3639 of the Code does not prohibit an heir from testifying for the executor, in an action against him by another heir, where the action is not based on any alleged hereditary rights. (Compare *Leasman v. Nicholson,* 59 Iowa, 260.)

2. ——— : ——— : ———. In such case, where the action was on a note for money advanced for the decedent, a question to the plaintiff as a witness on his own behalf in rebuttal, asking him how much he paid to a certain named party, was properly excluded, as it did not appear on the face of the question that the evidence sought to be obtained was to explain or contradict the evidence of the heir who had testified for the administrator.

*Appeal from Decatur District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, DECEMBER 19, 1888.

THE plaintiff is the son and one of the heirs-at-law of John W. Harrow, deceased, and the defendant is the executor of the estate of said John. The plaintiff filed a claim against the estate, consisting of a note executed by his father, and also for work and labor performed by

him under a contract with his father, and asked the same to be allowed as claims against the estate. The defendant pleaded that there was no consideration for the note, and a settlement of all claims prior to the death of John W. Harrow. Trial to the court, judgment for the defendant, and the plaintiff appeals.

*Parrish & Hoffman* and *E. W. Curry*, for appellant.

*S. A. Gates* and *N. P. Bullock*, for appellee.

SEEVERS, C. J.—I. It is insisted that the finding of the court is not sustained by the evidence, but we think otherwise. There is abundant evidence upon which it can be sustained. In fact the evidence clearly preponderates in defendant's favor, if the witnesses introduced in his behalf have testified to the truth, and we cannot say they have not.

II. Mollie Harrow is one of the heirs-at-law of the deceased, and she was introduced as a witness by the defendant, the executor, in his behalf. The plaintiff objected to such evidence, but the objection was overruled, and in so doing the plaintiff claims the court erred, on the ground that the witness was not competent, and prohibited from testifying, under section 3639 of the Code. But it was held otherwise in *Leasman v. Nicholson,* 59 Iowa, 260. It is urged that this case is distinguishable, because the plaintiff is an heir-at-law of John W. Harrow. But he does not claim any relief as such, but simply as a creditor of the estate. The cited case is therefore clearly applicable, and on all-fours with the one at bar.

III. The plaintiff was introduced in rebuttal as a witness in his own behalf, and was asked, "About how much did you pay Clark & McClelland for groceries purchased for the family of John W. Harrow?" An objection to this question was sustained, and it is claimed the court erred in so doing, because the object sought to be obtained by the evidence was to explain or contradict the evidence of Mollie Harrow. Conceding that it would have been competent for this purpose, the question on

its face does not so indicate, and we are unable to say such would have been its effect. The judgment must be

AFFIRMED.