Esterly Harvesting Co. v. Hill.

---

ESTERLY   HARVESTING   COMPANY

V.

GREEN E. HILL.

*Sales—Verbal Lien—Notice—Witness.*

1. The purchaser of property on which there is a verbal lien, without notice of the lien, is not affected thereby.

2. The death of a person can not affect the competency of a witness in a suit against his personal representative individually.

[Opinion filed June 13, 1890.]

APPEAL from the County Court of Clinton County; the Hon. JESSE JONES, Judge, presiding.

Appellant, on the 1st day of July, 1887, sold to Thomas Pritchett, a twine binding harvester.

Appellant took from Pritchett at time of sale, three notes: one for $50, due October 1, 1887; one for $50, due October 1, 1888, and one for $42, due October 1, 1889. All the notes were guaranteed by J. A. Skipper. When the first note fell due, Pritchett was not ready to pay it. He was asked to give a chattel mortgage to secure the notes. This he declined to do, but agreed to give a lien on the machine, and that the " machine should stand good for the notes till paid." Pritchett died October 4, 1888, and appellee was appointed his administrator. As such administrator, Hill inventoried the machine, the same was appraised and sold at the administrator's sale, to one Davis, for $50. The sale was reported to and approved by the County Court, and the administrator charged with the $50. Davis afterward sold the machine to appellee at the price which he bid at the sale.

The machine was stored in a shed on the Pritchett farm at the time of the sale. After appellee bought the machine of Davis, he arranged with the party in possession of the Pritchett farm for the machine to remain where it was at time of administrator's sale.

Appellant claims that the machine was in fact sold by the administrator to himself and therefore the sale was void. On the 11th day of June, 1889, appellant replevied the machine from appellee in a justice's court. From the judgment in the justice's court an appeal was taken to the County Court and from the judgment in that court this appeal is prosecuted.

Messrs. CASEY & DWIGHT, for appellant.

Mr. M. P. MURRAY, for appellee.

REEVES, P. J. On the trial in the County Court objection was made by the defendant to the competency of the wit-

ness J. A. Skipper, the guarantor upon the notes by whom it was proven that Pritchett in his lifetime agreed that the machine should stand as security for the notes, until paid. The defendant is not made a party to the suit as administrator of Pritchett. He did not defend in this capacity. The estate of Pritchett had no interest in the result of the suit. The estate had received the proceeds of the sale of the machine by the administrator. As against the defendant, Skipper was a competent witness.

Did the appellant have such a lien on the machine as would enable it to maintain replevin? It must be remembered that this was not a conditional sale. The sale of the machine to Pritchett was an absolute sale. The agreement for a lien was made some months after. It was not made so as to conform to the provision of the statute. But it is contended that the agreement was binding upon Pritchett and his legal representatives. Even if this be conceded, this is not a suit against Pritchett, or his legal representatives. If the sale of the machine at the administrator's sale was not legal, and the possessory title is still to be considered in Pritchett's administrator, and this suit is to be treated as against the estate of Pritchett, then, plainly, Skipper was not a competent witness, and without his testimony, appellant showed no right to the machine. In any view of the case, we do not see how appellant could recover in this action. If Hill had any right of possession of the machine as purchaser from Davis, he could not be affected by the verbal lien set up by appellant, as it is not claimed that he had any notice of the lien. If the machine, in law, belonged to the estate of Pritchett, subject to the lien, then Skipper was not a competent witness to prove the verbal lien. The judgment of the County Court is affirmed.

*Judgment affirmed.*