GIESECKE BOOT & SHOE MANUFACTURING COMPANY, Appellant, v. W. H. SEEVERS, Administrator, Appellee.

1. **Witnesses**: COMPETENCY: TRANSACTIONS WITH DECEDENTS: PARTIES TO ACTION. One who is named in a petition as a party defendant, but who has not been served with notice of the action, nor appeared thereto, is not a party to such action, within the meaning of section 3639 of the Code, making parties to an action incompetent as witnesses in relation to any personal transaction or communication between such party and a person deceased at the commencement of his examination as a witness.

2. ———: ———: ———: PARTY INTERESTED IN RESULT OF ACTION. A member of a partnership is not a competent witness in an action to recover for goods sold and delivered said partnership from the estate of one who is alleged to have been a member of said firm; such witness having an interest in the event of such suit within the meaning of section 3639 of the Code.

*Appeal from Mahaska District Court.*—HON. DAVID RYAN, Judge.

FRIDAY, MAY 27, 1892.

ACTION to recover for goods sold and delivered to the firm of Slocum, Jarvis & Co., of which it is alleged A. J. Jarvis, was a partner. A. J. Jarvis answered, denying that he ever was a member of the copartnership of Slocum, Jarvis & Co. Pending the action, Mr. Jarvis died, and W. H. Seevers, administrator, was made defendant. The petition was against Slocum, Jarvis & Co., and Eugene Slocum, Julius Jarvis, and A. J. Jarvis as members of the partnership. A. J. Jarvis alone was served with notice, and neither Julius Jarvis nor Eugene Slocum ever appeared to the action. In vacation, September 19, 1890, plaintiff filed a written dismissal of the action as to all the defendants, except

A. J. Jarvis and W. H. Seevers, administrator, which was duly indexed. September 24, there was filed the deposition of Eugene Slocum, taken September 18, 1890, by the appellant, the appellee's counsel appearing, and objecting to the examination. September 30, 1890, the appellee's filed his motion to suppress this deposition, upon the grounds that the witness is a party to the action, and is directly interested in the result thereof, and therefore incompetent to testify as a witness, or to personal transactions between him and the deceased. This' motion was taken under advisement, and before a ruling was made thereon the case was called for trial, and a jury impaneled. The plaintiff offered said deposition in evidence, whereupon the the court sustained the motion and suppressed the deposition, and the plaintiff failing to offer any other or further evidence the court directed the jury to find for the defendant, and entered judgment thereon; the plaintiff appeals.—*Affirmed.*

*J. F. & W. R. Lacey,* for appellant.

*Seevers & Seevers,* for appellee.

GIVEN, J.—I. The question discussed is, whether the court erred in suppressing the deposition of Eugene Slocum. Section 3639 of the Code, so far as applicable, is as follows: "No party to any action or proceeding, nor any person interested in the event thereof * * * shall be examined as a witness in regard to any personal transaction or communication between such witness and a person, at the commencement of such examination, deceased, * * * against the executor, administrator, * * * of such deceased person." Mr. Slocum was examined as to the agreement of partnership between himself, the deceased, and Julius Jarvis, —clearly a. personal transaction between the witness

*[margin note: 1. WITNESSES: competency: transactions with decedent: parties to action.]*

and A. J. Jarvis, who at the time of the examination was deceased; the appellee contends that, by reason of Mr. Slocum being named as a defendant in the petition, he was a party to the action, and that the dismissal being in vacation, and not upon an order of the court, he continued to be a party. Mr. Slocum was never served with notice of the action, and never made an appearance in it; he never, therefore, became a party to it. If he was a party, he would be bound by the action taken in the case. Yet it is not claimed that without notice or appearance the court had any jurisdiction as to him merely because he was named as a defendant in the petition.

II. We next inquire whether the witness, Slocum, had any interest in the event of this suit. That he was 2. ———: ———: ———: one of the partners, and, as such, is per-
party interested in result sonally liable for partnership debts, and
of action. liable to contribute to the copartners who may pay partnership debts, is not questioned. It is clear, therefore, that he is interested in the result of this action; for, if the result shall be to hold the estate liable, it will add one more to the number that must bear the burden of this debt. It is certainly to the interest of Mr. Slocum to establish the fact that A. J. Jarvis was a member of the partnership.

The appellant's contention is that the question whether the witness is interested or not must be determined by the rule of the common law, and he cites *Goddard v. Leffingwell*, 40 Iowa, 250, where, in speaking of said section 3639, it is said: "But this evidently means such an interest in the event as would at the common law disqualify a witness." In that case it was held that the "witness, Carter, is equally interested on both sides," or, in other words, that he was not interested in the event of the suit, as he was liable for the three hundred dollars in controversy in either event. The question whether the common-law rule applies

under section 3639 was not involved in that case, and this announcement of the court is not controlling. In *Wormley v. Hamburg*, 40 Iowa, 25, the rule is stated as follows: "The interest which disqualifies a witness must be a present, certain and vested interest, and not an interest uncertain, remote or contingent. The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. If the interest is of a doubtful nature, the objection goes to the credit of the witness, and not to his competency." Tested by this rule, we think it must be held that Mr. Slocum is interested in the event of this suit. His interest is a present, certain and vested interest, and not remote or contingent. While it is true that, not being a party to the action, he is not bound by the result, it is equally true that the estate will be, and, if the result is to hold the estate liable, the witness will reap all the benefit that he would if he were a party to the action. A judgment in favor of the plaintiff against the estate will be legal evidence for Mr. Slocum, if the estate should seek to charge him with the entire indebtedness to the plaintiff, and will be legal evidence in his favor, as going to show the liability of the estate to contribute to the payment of the debt sued for.

The appellant cites and relies upon Greenleaf on Evidence, section 486, which is as follows: "In an action against the administrators of a deceased partner, the *surviving partner* is a competent witness to prove the partnership; for he has no interest in the matter, such an action not being maintainable at law." The defendant cites *Grant v. Shurtel*, 1 Wend. 148. That was an action against Shurtel, as administrator of B. Alliger, to recover for labor and material furnished under contract with deceased. The defendant offered E. Alliger as a witness, who stated that he was a

partner with B. Alliger in the work, and interested in the contract. The purpose of offering this testimony was to defeat the action, upon the theory that the creditor must pursue the surviving partner, and could not proceed in a court of law against the estate of a deceased partner. The court says: "The question whether the witness was interested will depend on this: If on the death of one partner a creditor can maintain an action at law against the representatives of the deceased, then it follows that the survivor is bound to contribute, and consequently he is interested to defeat the recovery; but if the creditor's right of action is against the survivor, and the representatives of the deceased are not liable in an action at law, then the surviving partner is a competent witness, because, by proving a fact which defeats the plaintiff's action, he still remains liable, and cannot be benefited by such failure to recover." The survivor could have no interest in the attempt to recover a partnership debt in a suit not instituted against the proper parties, and, therefore, in such case he was a competent witness. No question is made in this case as to the plaintiff's right to proceed against the estate. With that right conceded or established, the conclusion in *Grant v. Shurtel* does not apply. It cannot be said, as in *Fuller v. Lendrum*, 58 Iowa, 356, that this witness neither gains nor loses anything by the result of this suit; for, if the result is against the estate, he not only gains by the liability of the estate to pay the debt, but by its liability to share in the contribution. His interest is shown by his right to have intervened and joined the plaintiff in charging A. J. Jarvis.

We are of the opinion that Mr. Slocum is interested in the event of this action, within the intent and meaning of section 3639, and that the motion to suppress his deposition was properly sustained. AFFIRMED.