MARTHA S. CLARK v. MARGARET R. ROSS, Appellant.

J. M. ENSMINGER v. MARGARET R. ROSS, Appellant.

**Personal Transactions with Decedents: EVIDENCE.** One next of kin was also a legatee and executrix. An action was brought to make her personally liable for certain notes made by a firm in which her testator was a partner. *Held*, as the action was not brought against her *as executrix*, testimony on part of the payee of the note touching personal transactions between him and decedent was admissible. See Code, 3639. *French v. French*, 84 Iowa, 655, *distinguished*.

**Practice: WAIVER.** Where plaintiff fails to plead that he has performed a condition precedent, but the petition is met by answer, only, the failure to perform is waived.

**SAME.** A party may demur to one count and move or answer as to others.

*Appeal from Buchanan District Court.*—HON. JOHN J. NEY, Judge.

FRIDAY, DECEMBER 13, 1895.

These cases were submitted together, and an opinion filed at the October, 1894, term. A rehearing was granted on defendant's petition, and the cases are again submitted together. The petitions in each case were in two counts. In the first it is alleged that for several years prior to January 15, 1891, Edward Ross and V. F. Weiser were a partnership engaged in the milling business at Otterville, Iowa, under the firm name and style of V. F. Weiser & Co.; that on January fifteenth Edward Ross died, leaving V. F. Weiser his sole surviving partner; that at the death of Ross the firm had on hand five

NOTE.—The original opinion in this cause was filed October 23, 1894, and withdrawn on rehearing. It may be found on page 627 of 60 N. W. Rep.

or six thousand dollars worth of manufactured products, raw material, notes, and accounts; that for the purpose of effecting a settlement of the partnership business the defendant entered into a con-tract with V. F. Weiser, by the terms of which she agreed to pay certain notes of plaintiff's, signed by Weiser and others, on condition that he (Weiser) would turn over to her all his interest in and to the partner-ship property, as well as a certain millstone dresser and a boat belonging to him individually, together with a lot in the town of Otterville; that defendant assumed to be acting as executrix of the estate of Edward Ross in the transaction in question, so far as the partnership property was concerned, but that in fact she had no authority to so act; that defendant took possession of the individual and partnership property aforesaid, and has ever since used the same as her own; that the note which the defendant agreed to pay, as part consideration for the property received, was an accommodation note given for the benefit of the firm of Weiser & Co., and that the money received from the plaintiff thereon was used by the copartner-ship in its business, and the note was given as evidence of the indebtedness of the firm to plaintiff; that defend-ant had all the partnership property, and the business of the firm was settled by the agreement aforesaid. In the second count the plaintiffs alleged that the notes aforesaid were given to raise money for the benefit of the firm, and the money received thereon was used in the partnership business; that defendant has all the partnership property and all the individual property of V. F. Weiser; that she came into the possession of the same by virtue of a settlement with the surviving partner; and that she took and converted the property to her individual use. Defendant's answer to these petitions was a general denial of each allegation of the first

count, and she further pleaded that she is and was the duly-appointed executrix of the will of Edward Ross, deceased, and that as such she took charge of and sold the mill in question; that on or after November 1, 1889, there was no partnership between Ross and Weiser in the milling business; that from and after that time the mill belonged to Ross, and Weiser was his employe; that all of the property pertaining to or connected with the mill was appraised at the sum of five thousand and eighty-two dollars and thirty-seven cents, and that the claims filed, exclusive of plaintiffs', amounted to eight thousand six hundred and seventy-eight dollars and nine cents; that according to the terms of the written contract, on which the first count of the petition is based, plaintiffs' claims must have been filed and proved as valid claims against V. F. Weiser & Co., and against the estate of E. Ross, before she could be held liable thereon; that these conditions have not been complied with, but on the contrary the claims were disallowed by the probate court of Buchanan county as claims against the estate. She also states that she is the heir at law and legatee under the will of E. Ross, deceased, and that she made the contract on which suit is brought in her capacity as such executrix. In answer to the second count, she denied the allegations thereof, and further stated that she took possession of the property as executrix, and has inventoried, appraised, and fully accounted for the same, that the claims filed against the estate amount to more than the assets, and that the claims of plaintiff have already been adjudged not to be claims against the estate. On these issues the cases were tried to the court without a jury, and judgments were rendered for the plaintiffs, and defendant appeals.—*Affirmed.*

*Lake & Harmon* for appellant.

*Woodward & Cook* for appellees.

Deemer, J.—The contract on which the first count of the petition is based, among other things, provides that: "Whereas, the said V. F. Weiser and E. Ross heretofore entered into a copartnership to operate the Otterville Mill, in said county, under the firm name of V. F. Weiser & Co., which copartnership was continued by mutual consent and agreement until the present time; and, whereas, the death of Ross necessarily terminated said copartnership: Now, then, it is agreed by the parties hereto to settle all matters connected with said partnership in manner and form as follows, to-wit: *First.* V. F. Weiser, partner as aforesaid, agrees to go out, and surrender and hand over to said Margaret R. Ross, executrix as aforesaid, said mill and all therein to this date, both manufactured product and raw material of all kinds held for products, and all books of account, bills, memoranda, and papers of all kinds in any way relating to the business of said mill during the co-partnership, with all value thereof, as the said books and bills, on true balance, may show; and, further, the said V. F. Weiser, partner as aforesaid, agrees to leave for the use of the mill the machine or device known as the 'Diamond Mill Dresser,' and also the boat on the pond for repairing the milldam, and other uses on or about the water; and, also, the said V. F. Weiser agrees to convey by full and sufficient warranty deed to the said Margaret R. Ross, for the use of the mill property, that piece and parcel of land between the mill and the bridge, and known as 'Lot B' in the village platt of Otterville (said last three items, to-wit, the Diamond millstone dresser, boat, and village lot, being the individual property of V. F. Weiser).

* * * *Second.* Margaret R. Ross, executrix afore-said, agrees on her part to take care of and pay all paper or notes made and executed by the said V. F. Weiser & Co. for repair or extension of mill and for running expenses of same, now held by the People's National Bank, and to surrender to V. F. Weiser certain notes now held by the estate of E. Ross; * * * and, further, with respect to two certain notes, for $500.00 each, dated December 10th, 1885, and payable to E. Ross or bearer, and signed by V. F. Weiser, Andrew Weiser, Martin A. Weiser, and Anton Weiser,—one held by Martha S. Clark, and the other by J. M. Ensminger,—it is agreed by the parties that if said notes are lawfully filed and proved against V. F. Weiser & Co. and the estate of E. Ross deceased, partner of the milling firm of Weiser & Co., then the said Margaret R. Ross, executrix aforesaid, will pay the same." This contract was signed by V. F. Weiser and by Margaret R. Ross, as executrix. She had no authority, however, from the probate court which appointed her, to enter into such a contract; and it needs no citation of cases to show that, having no such authority, her act in so doing was not binding upon the estate of her deceased husband. It did, however, hold her in her individual capacity, the same as if she had been a stranger to Ross. And it was evidently upon this theory that the first count of the petition was drawn.

I. It is said that the court erred in finding for plaintiffs on the first counts of their petitions, for the reason that they failed to show that the notes held by them "were filed and proved against V. F. Weiser & Co. and the estate of E. Ross, as provided by the con-

tract;" "that this was a condition precedent to their right of recovery, and, having failed to fulfill it, they cannot recover." Let it be conceded that they were required to thus file and prove their claims, as a condition precedent to a right of action against the defendant,—as we think it must be,—yet it does not follow that plaintiffs are barred of recovery. The contract, a part of which we have set out, was attached to and made a part of the first count of the petition. It disclosed this condition precedent to a right of action thereon, and the petition did not recite performance thereof. The fact that this condition had not been performed clearly appeared on the face of the petitions; and, as the first counts were based wholly on the contract, they were plainly subject to demurrer, and the objection which is now urged upon us should have been pressed at the proper time by demurrer to this count of the petition. Defendant did not raise the question by demurrer, as the statute says she must, but made the point by answer. This is not sufficient, and, under repeated rulings of this court, she waived the proof thereof. See Code, section 2650, and *Manwell v. Railroad Co.*, 89 Iowa, 708 (57 N. W. Rep. 441); *Linden v. Green*, 81 Iowa, 365 (46 N. W. Rep. 1108); *Brockert v. Railway Co.*, 82 Iowa, 369 (47 N. W. Rep. 1026); *Benjamin v. Vieth*, 80 Iowa, 149 (45 N. W. Rep. 731); *Dunn v. Wolf*, 81 Iowa, 688 (47 N. W. Rep. 887). The last case is clearly in point. Defendant did not move in arrest of judgment, and has, in effect, conceded the sufficiency of the pleadings. In the argument upon rehearing, counsel contended that defendant could not raise the point by demurrer, because the second counts stated good causes of action. It is scarcely necessary to say that a party may demur to one count, and move or answer as to another. Each count must stand or fall by itself.

II.   The second count is based upon the thought that the defendant received all the partnership property for the purpose of settling the firm business; that she came into the possession of it under the pretense that she was authorized by the probate court to receive the same as executrix, and to settle the partnership debts; that she took the property in her individual capacity, and converted it to her own use; that plaintiffs are partnership creditors; and that, by reason of the conversion of the property, defendant is liable to them for the amount of their claims.

The defendant did not question the sufficiency of these counts by demurrer, but on the contrary, by answering them in the manner set forth in the statement of the issues heretofore made, conceded the legal sufficiency thereof, and the legal premises implied from the statement of facts made by the plaintiffs. There was evidence to support these counts, and while we might not regard it as it as sufficient had we to try the case anew, yet the finding of the court stands as the verdict of a jury, and we cannot interfere. *Saar v. Finken,* 79 Iowa, 61 (44 N. W. Rep. 538). We do not understand that counsel now question the legal sufficiency of either the first or second count of the petitions. Their insistence is that there is a failure of competent testimony to support the allegations. We have already seen that the alleged failure to prove the condition precedent was waived, and we now turn to the more important and difficult question as to the competency of some of the evidence adduced upon the trial.

III.   The plaintiffs were each permitted to prove the alleged partnership between Ross and Weiser by the testimony of Weiser; and the court also allowed them to testify as to the consideration of the notes which it is claimed defendant agreed to pay, and to relate personal transactions and communications held

with Ross during his lifetime which were material to the issues presented by the pleadings. One W. A. Weiser, who was ostensibly a joint maker of the notes, also testified to personal transactions and communications had with Ross. This testimony was all objected to on the ground that the witnesses were incompetent, under section 3639 of our Code, which provides that "no party to an action, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives an interest or title by assignment or otherwise, * * * shall be examined as a witness in regard to any personal transaction or communication between such witness and a person, at the commencement of such examination, deceased, insane or lunatic; against the executor or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person. *. * *" It must be borne in mind, during the discussion of the question, that the defendant is estopped by reason of her contract from questioning that Weiser and her husband were partners, or that she received the partnership property, as well as some that belonged to Weiser individually, in consideration of the promise she made to pay the debts of the firm. She did not take it as executrix, claiming that it belonged to the estate of her husband, except as he may have had an interest in it as a partner. But this interest was not such as to entitle her to the property as executrix. As executrix, she had no claim to the specific property of the partnership. Her right was to take the portion which belonged to her husband's estate after the debts were paid, or, rather, his portion after paying the debts. Having taken the property under the contract, which bound her personally, and not as executrix, she held it the same as any stranger; and the question presented must be determined by the same rules as if some

third person had stepped in, and made such a contract with Weiser. With these facts in mind, it seems clear to us that the objection urged to the testimony is without merit. It is true that the plaintiffs are included within the class of persons mentioned in the section who are inhibited from testifying, and it is also true that V. F. Weiser and W. A. Weiser were also so interested in the termination of the suit as to bring them within the terms of the statute. *Manufacturing Co. v. Seevers,* 85 Iowa, 685 (52 N. W. Rep. 555). And it is further to be admitted that the defendant is and was the legatee of Edward Ross, deceased,—but not of this specific property which she received under her contract,—and that she, being his widow, was also a next of kin. *French v. French,* 84 Iowa, 655 (54 N. W. Rep. 145). But it does not follow from these conceded and admitted facts that the testimony was incompetent. Something must depend upon the nature of the suit, and the object and purposes of the statute. The action, as we have said, was not against the defendant as legatee or next of kin, nor did she take or hold the property as such. The first counts of the petition sought to charge her on a contract on which she was individually liable, the same as if it had been made by some stranger to the estate of Ross. The second counts were for the conversion of partnership property upon which plaintiffs claimed a lien as firm creditors. And we inquire, what reason is there for applying the statute in such a case? It certainly would not be held applicable if some stranger had entered into the contract, instead of defendant; for he would not be either legatee, devisee, executor, administrator, heir at law, next of kin, survivor, or assignee of Ross. Why, then, give force to the statute in this case simply because defendant happened to be legatee and next of kin of Ross, her deceased husband? Surely, no good reason can be found. We said in the former opinion that,

before the transaction can properly be said to be such as debars these witnesses from testifying as to personal transactions or communications with the deceased, it seemed to us that the action should be against the legatee or next of kin of such deceased person, as such, or the person against whom the testimony is sought to be adduced must be making some claim in such a representative capacity,—not in name, perhaps, but in reality. We still adhere to this statement, although we confess that we had some doubts regarding its correctness after hearing the arguments on rehearing. If we look to the reason for the statute, the correctness of our conclusions becomes apparent. In the case of *Drake v. Painter*, 77 Iowa, 731 (42 N. W. Rep. 526), which was an action against the judgment creditors of an heir, in which plaintiff was seeking to restrain an execution sale, plaintiff was permitted to testify as to personal transactions with her mother, who was deceased. And it was there said: "It is therefore readily understood that the statute is for the aid and protection of the estate, heirs, etc.,—persons named in the section,—the privies of deceased persons, and not strangers who are attempting to resist the enforcement of contracts made by deceased.   *   *   * Surely the statute will not be so wrested as to operate as an instrument of wrong to rob plaintiff of her property, when it was designed to protect the privies of her deceased mother, none of whom are demanding protection under it, or are parties to this action." That the statute was to protect the estate of the deceased or disabled persons, or their privies or representatives who succeed to their rights, is manifest. Strangers to deceased, or persons who claim no rights under him, are not to be protected. The estate of E. Ross was in no manner involved, and was in no sense a party to these actions, nor could it be affected by the

result: The fact that the notes in suit were partnership liabilities was a matter collateral to the causes of action in issue and on trial. It was material and admissible evidence upon the questions involved, but did not constitute the basis of the action. The parties to this action are both living, and there is no reason why the statute should apply. The exact question presented was determined in the case of *Harrow v. Brown,* 76 Iowa, 179 (40 N. W. Rep. 708). This was an action brought by plaintiff, Harrow, who was an heir at law, to establish a claim against Brown, the executor of his father's estate. The executor called as a witness one of the heirs. Plaintiff objected on the ground that the witness was not competent. It was here held, however, following the case of *Leasman v. Nicholson,* 59 Iowa, 260 (12 N. W. Rep. 270, 13 N. W. Rep. 289), that the witness' testimony was not *against* the executor, but for him, and, further, that while her testimony was against the plaintiff, who, it was conceded, was an heir at law, yet, as he was not claiming as such, the witness' testimony was admissible. The case of *Cahalan v. Cahalan,* 82 Iowa, 416 (48 N. W. Rep. 724), is also to the same effect. While authorities from other states are in no manner conclusive of the question presented, yet it is gratifying to note that, so far as we have been able to discover, they are in line with the views herein expressed. See *Harvesting Co. v. Hill,* 36 Ill. App. 99; *Prewitt v. Lambert,* 34 Pac. Rep. (Colo.) 683; *Insurance Co. v. Peck,* 18 N. E. Rep. (Ill. Sup.) 752; *Downs v. Belden,* 46 Vt. 674; *Durham v. Shannon,* 19 N. E. Rep. (Ind. Sup.) 191. A number of our own cases are cited by appellant's counsel, which are claimed to be in conflict with the rules herein announced. But we think, if a distinction is drawn between the class of persons who are prohibited from testifying, and the class or character of actions in

which persons of that class are prohibited from testifying, that there is no conflict. The only cases which bear directly upon the questions presented, that we have been able to find, are those already cited. In the cases of *Palmer v. Palmer*, 62 Iowa, 205 (17 N. W. Rep. 463), and *Gavin v. Bischoff*, 80 Iowa, 606 (45 N. W. Rep. 306), so much relied upon, the question was as to the competency of the witnesses, and not as to the character of actions. The latter case is really an authority in favor of appellees. The case nearest in point is *French v. French, supra.* But it will be observed that the only question in that case was whether a widow was next of kin, under the statute, and not as to whether the action was against her as such. And it was held that she was next of kin. This is all that was argued and all that was decided in that case. True, the action was upon a contract made by the defendant in her individual capacity after the decease of her husband, and in its facts was much like the case at bar, but the question here presented was *not considered.*

The conclusion reached in the former opinion is adhered to, but, some inaccuracies of statement as to the condition of the record demanding correction, we have concluded to withdraw the original opinion, and file this in lieu thereof. The judgments of the court below were correct, and they are each *affirmed.*