HENRY NORDMAN, Plaintiff, ANN ELIZABETH MARSHALL, Substituted Plaintiff and Appellant, v. EDWARD T. MEYER.

Action to Quiet Title: TRANSACTION WITH PERSON SINCE DECEASED: EVIDENCE. Where a wife wills to her husband all of her estate, he thereby becomes a devisee of the property to which she was entitled as an heir of her deceased mother, and other heirs of the wife's mother are precluded under section 4604, Code, from testifying against him to a parol agreement with the wife, releasing her interest in her mother's estate.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

WEDNESDAY, DECEMBER 17, 1902.

AN equitable action, brought by Henry Nordman to quiet the title to certain real property situated in the city of Ft. Madison. Pending the action he died, and Ann Elizabeth Marshall, his sole surviving heir, was substituted as the plaintiff. The facts necessary to a proper understanding of the case are substantially as follows: Catherine Nordman was the wife of Henry Nordman. She died intestate on the 13th day of February, 1888, seised of the record title of the property in controversy. She left surviving her Henry Nordman, her husband, and three daughters, the substituted plaintiff herein, Mrs. Kate Conlee, wife of J. M. Conlee, and Johannah Nordman, who was then unmarried, but who afterwards, on the 30th day of November, 1892, became the wife of the defendant Edward T. Meyer. Upon the death of his wife, Catherine, Henry Nordman became the owner of the undivided three-ninths of the property in controversy, and each of the daughters named became the owner of the undivided two-ninths thereof. The daughter Mrs. Conlee died intestate

June 15, 1888, leaving an estate which included lots 238 and 858 in the city of Ft. Madison. She left surviving her, only her husband, J. M. Conlee, and her father, Henry Nordman, each of whom became the owner of an undivided one-half of her estate. At her death, however, she left a written request that the substituted plaintiff be given $300 from her estate, and that the remainder thereof be equally divided between her husband and her sister, Johannah Nordman. On the 28th of March, 1889, Henry Nordman, the father, quitclaimed to J. M. Conlee, the surviving husband of Mrs. Kate Conlee, all of his interest in lot 858, heretofore mentioned, and at the same time J. M. Conlee quitclaimed to Henry Nordman all of his interest in the real property of which Catherine Nordman died seised, being the property involved herein. June 10, 1890, Henry Nordman and J. M. Conlee jointly conveyed to H. W. Dood lot 238 for the stated consideration of $3,700, $1,650 of which was paid by the conveyance to Conlee of certain other lots. At the same time Dood and wife gave a mortgage to Johannah Nordman and the plaintiff herein, Elizabeth Marshall, on a part of lot 238, for $1,400, which sum represented the balance due Henry Nordman for his interest in said lot, and which sum was afterwards received by Johannah Nordman and the plaintiff, Marshall. Neither the plaintiff, Marshall, nor Johannah Nordman ever executed a conveyance of their interest in their mother's estate. Johannah Nordman, afterwards Mrs. Edward T. Meyer, died October 14, 1897, without issue and left her real estate to the defendant by will. This action was commenced after her death, and is based on the claim that on or about the time of the conveyance of lot 238 to Dood in June, 1890, an oral agreement was entered into between Henry Nordman and his surviving daughters, the plaintiff, Marshall, and Johannah Nordman, whereby they were to receive his interest in the estate of their sister, Mrs. Conlee, in exchange for and in settlement of

their interest in the estate of their mother, Catherine Nordman. And it is averred that in pursuance of this agreement the $1,400 mortgage of Dood on lot 238 was executed and paid to them. The defendant denied the alleged agreement, and by cross-petition asked that his interest in the estate of Catherine Nordman, derived through his deceased wife, Johannah, be quieted in him. There was a trial, and judgment for the defendant, from which the plaintiff appeals.—*Affirmed.*

*I. B. Snyder* for appellant.

*Casey & Stewart* for appellee.

SHERWIN, J.—At the time of her death Catherine Nordman was the owner of the land in question, and the record title thereto stood in her name, and has so remained to the present time, for her estate was not administered upon. Whatever interest the plaintiff, as the heir of her deceased father, may have therein adverse to the interest of the defendant, must therefore, be derived from the interest, if any, which her father took from his daughter Johannah by virtue of the alleged oral agreement of June, 1890. That the burden of proving the alleged agreement and its consummation is upon the plaintiff is elementary and conceded, and, were it not for the fact that the principal evidence in support thereof is clearly incompetent under section 4604 of the Code, we should be inclined to the view that the plaintiff has sustained the burden cast upon her.

It must be borne in mind that the plaintiff, as the heir of her deceased father, is attempting to establish in herself an interest in real property adverse to the interest which the defendant claims as the devisee of his wife, and that, in order to do this, it is necessary for her to prove an oral agreement between her deceased father and sister. Aside from the testimony of herself and her husband,

there is nothing in the record which would warrant us in granting the relief prayed. True it is that the execution of the mortgage of $1,400 to the plaintiff and her sister by Dood, and its subsequent collection by them is a circumstance tending to show that some kind of an arrangement or settlement was consummated at that time; but this alone, or in connection with other slight matters pointing in the same direction, is not sufficient to justify a judgment for the plaintiff. Indeed, these matters are not, in themselves, inconsistent with the fact that Henry Nordman exercised control over the property during his life, and collected the rents and profits therefrom, if we consider the testimony of Conlee, who says that the $1,400 mortgage was given to the daughters in consideration of their consenting to the father's life use of the entire real estate left by their mother.

It is strenuously contended that the plaintiff and her husband were competent witnesses under the statute to testify to the agreement with Johannah Nordman, but with this we cannot agree. The will of Johannah W. Meyer gave to her husband, the defendant herein, all of her real and personal estate. He therefore is the devisee of the property in controversy, and as such defends his title against the claim of the plaintiff, who, as we have heretofore seen, cannot establish her title thereto except upon proof of an oral agreement either made with or authorized by Johannah Nordman, by virtue of which Henry Nordman became the owner in fee of the estate she derived from her mother, Catherine Nordman, by inheritance; and to prove this fact is to prove a personal transaction with a deceased person. This will was duly probated, and the record of its probate, together with the will and the other evidence in the case, leave no room for doubt as to the defendant's standing in this case. And as the devisee of an interest in property which his wife was admittedly the owner of up to the time of the alleged agreement of.

settlement, he is one of the statutory class against whom
the evidence in question is not competent.   *French v.
French*, 84 Iowa, 655; *Clark v. Ross*, 96 Iowa, 402; *Shu-
man v. Supreme Lodge*, 110 Iowa, 480.   There is no laches
apparent on the part of the defendant which should not
apply as well to the plaintiff.   There is nothing to indi-
cate that he has been less diligent in asserting his legal
rights than has the plaintiff or Henry Nordman.   When
his interest in the property was assailed, he defended, and
has met the situation fully and fairly.   There is no merit
in the motion to strike the appellee's additional abstract,
and the same is overruled.

  The judgment is AFFIRMED.