## Wabash Railroad Co. v. Henry Perbex.

1. RAILROADS—*Duty to Maintain Fences.*—The law prohibiting domestic animals from running at large, does not relieve a railroad company from its duty, under the statute, to erect and maintain fences along its right of way, nor from liability for stock killed or injured in consequence of its failure to observe that duty.

2. SAME—*Gates at Farm Crossing.*—The statutory duty to maintain fences along its right of way, includes the duty of using reasonable diligence to keep the gates at farm crossings closed, and a railroad company can not exempt itself from the consequences of a failure to observe the duty of keeping such gate closed, by showing that it supposed a third person might or would close it.

3. SAME—*Duty to Fence Along Fields of Growing Crops.*—The duty of a railroad company to erect and maintain gates at farm crossings, is not relaxed because the field into which such gate opened is devoted to growing crops.

4. FENCING RAILROADS—*For the Benefit of All Owners of Stock.*—The law requiring railroad companies to erect and maintain fences, is for the benefit of all owners of stock, and the company failing to do so is liable, if stock is injured, unless the owner is guilty of contributory negligence.

5. CONTRIBUTORY NEGLIGENCE—*Owners of Animals Permitting the Same to be at Large.*—It is not sufficient to charge the owner of animals injured upon the track of a railroad, to show that he knowingly or negligently permitted his stock to be at large, in violation of the law against animals running at large; but it must appear that he did so under such circumstances that the natural and probable consequences of his so doing is that they would stray upon the company's track and be injured.

6. RAILROAD COMPANIES—*Statutory Duty to Maintain Fences.*—After the passage of the act requiring railroad companies to fence their tracks, each company was charged with the statutory duty of keeping its track inclosed by a good and sufficient fence, so that domestic animals of the kind named in the statute, could not wander into places made ·dangerous by the operation of its trains.

**Memorandum.**—Trespass for killing domestic animals. In the Circuit Court of Morgan County ; the Hon. Cyrus Epler, Judge, presiding. Trial by jury ; verdict and judgment for plaintiff ; appeal by defendant. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

### Statement of the Case.

During the night of the 14th of June, 1893, a herd of cattle belonging to the appellee escaped from his premises into the adjoining field, which belonged to William Shoney, from thence wandered through an open gate into premises belonging to William Brownlow, passed therefrom through a gap in the fence into a field in the possession of one Jerry Griffin, and strayed out of that field onto the right of way of the appellant company by means of an open farm crossing gate in the fence of the company.

The cattle were run upon by one of appellant's trains, three of them killed and one injured. The appellee recovered judgment in the sum of $100, for his damages. This is an appeal therefrom. It appeared clearly from the evidence that the gate in appellant's fence had been open much, if not all the time, for two months prior to the night in question, and further that the foreman of appellant's force of section men saw it standing open at six o'clock in the evening of the day in question, and allowed it to remain open. The field was in use solely as a corn field, and Griffin, who had control of it, was then in the field plowing his corn. Two reasons are urged as excuses for the failure of appellant's servants to close the gate: (1) That they supposed that Griffin would close the gate when he came out. (2) That no stock were likely to be in a field of growing corn. The statute prohibiting domestic animals from running at large was then in force.

G. B. Burnett and Chas. A. Barnes, attorneys for appellant.

Owen P. Thompson, attorney for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The law prohibiting domestic animals from running at large did not relieve the appellant company from its duty under the statute to erect and maintain fences along the side of its right of way, nor from liability if stock be killed or injured in consequence of its failure to observe that duty. Ewing v. Chicago & Alton R. R. Company, 72 Ill. 25; Rockford, Rock Island & St. Louis R. R. Company v. Irish, 72 Ill. 404; Cairo & St. Louis R. R. Company v. Woosley, 82 Ill. 370. The statutory duty of the company to maintain such fences includes the duty of using reasonable diligence to keep gates at farm crossings closed. Ill. Central R. R. Company v. Arnold, 47 Ill. 173; Chicago & N. W. R. R. Company v. Harris, 54 Ill. 52S. The company could not, as against the appellee, exempt itself from the consequences of a failure to observe that legal duty of keeping the gate closed, by showing that it supposed a third person might or would perform it. The duty of the company as to its fence was not affected or relaxed, because the field into which the gate in question opened was devoted to growing crops. The statute makes no such exception. It is held in some jurisdictions that railway fence laws are exclusively for the benefit of the owners of lands adjoining the right of way of the road, but such is not the prevailing doctrine. 7 Amer. & Eng. Ency. of Law, p. 933, note 1, Sub-title, "Cattle not lawfully on adjoining lands," and cases there cited.

The rule in our State is, that such laws are for the benefit of all owners of stock, and that the railway company is liable if stock is injured by reason of its failure to observe the law, unless the owner of the stock is guilty of contributory negligence, and that it is not sufficient to charge the owner with contributory negligence to show that he knowingly or negligently permitted the stock to be at large in violation of law, but that it must appear that he did so under such circumstances that the natural and probable consequences of his so doing was that the stock would go upon the railroad track and be injured. Cairo & St. Louis Rail-

road Company v. Woosley, *supra*.   In the case at bar it is
not contended that the appellee knowingly permitted the
cattle to be at large, but that he negligently omitted to keep
his fence in good and sufficient repair to restrain them upon
his premises.   The natural and probable consequences of
his neglect in this respect was, that his cattle would tres-
pass upon the adjoining field of William Shoney.   It was
highly improbable that they would pass through the fence
inclosing that field into Brownlow's premises, and from
thence would, or could, wander through another fence, into
Griffin's cornfield, and from there get through the railroad
fence upon the railroad track and be injured.   Proof that
appellee had not a sufficient fence did not, under the circum-
stances proven, tend to charge him with contributory negli-
gence.   It was not, therefore, error for the court to omit all
as reference to that charge in the instructions.   The con-
trolling distinction to be drawn between this case and Mc-
Neer v. Boone, 52 App. 181, Bulpit v. Matthews, 145 Ill. 345,
and Selover v. Osgood, 52 App. 260, is, that in each of these
cases the owner of the land upon which the animals tres-
passed, was absolved by the act of legislature prohibiting
domestic animals from running at large from all duty to
erect fences, so that such animals could not come upon his
premises, but as we have seen the act had not this effect as
to the statutory duty of the appellant company.

It stood charged after the passage of that act as before,
with the statutory duty of keeping its track inclosed by a
good and sufficient fence, so that domestic animals, named in
the statute, could not wander into places made dangerous by
the operation of its trains.   It failed to discharge this duty,
and, under the proof, was properly held liable for the con-
sequences.   The judgment must be affirmed.