ATKINSON, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*September 9—September 29, 1903.*

*Railroads: Fences: Killing of horse on track: Open gate: Negligence: Court and jury: Contributory negligence: Proximate cause.*

1. Defendant's section foreman, charged with the duty of keeping the railroad fence in repair and gates closed, saw a gate open on Saturday afternoon, and people haying in the adjoining field who, to his knowledge, had been accustomed to leave the

gate open on their departure. He did not then close the gate, nor did he return on the following day, during which plaintiff's horse passed through the open gate upon the right of way and was killed. *Held*, that the question of defendant's negligence was one for the jury.

2. Plaintiff, who had left the horse in his pasture at some distance from the gate in question and inclosed by a good and sufficient fence, was not guilty of contributory negligence merely because, a week before the accident, while taking the horse to the pasture, he had passed through said gate over the premises of another person, and had left the gate open as he found it; nor was there any causal connection between his so leaving the gate open and the accident, it appearing that the gate had been closed several times in the interval.

3. The statute (sec. 1810, Stats. 1898) does not limit the liability of railway companies, for failure to maintain fences, to cases where an ordinarily prudent person might have anticipated that animals would probably enter upon the right of way, but imposes an absolute liability for any which do so enter and are injured by reason of such failure, subject only to the defense of contributory negligence.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

Plaintiff lived some little distance south of the defendant's railway track, and owned an extensive pasture lying on the north side of the track and somewhat to the westward of his residence. On August 18th he sent a hired man to put a horse into said pasture. They entered upon the right of way of the defendant, proceeded westward a distance, and found an open farm gate into the premises of a third person, through which the hired man took the horse, and proceeded from a quarter to half a mile further westward to the plaintiff's pasture and put the horse in, carefully repairing the pasture fence, so that there is no question as to the sufficiency thereof. He did not close the farm gate through which he passed. During the ensuing week the farm gate was frequently, if not continuously, open, and especially in the afternoon of the following Saturday, the 24th of August, it was observed to be open by the defendant's section foreman, whose duty it was to

look after the condition of the fences.   He noticed that hay-ing was in progress near the gate, and did not close it, and did not see it again until the following Monday.   Some time during Sunday, the 25th, the plaintiff's horse, having escaped from the pasture without negligence on plaintiff's part, en-tered upon the defendant's right of way through this open gate, and was killed.   This action was to recover damages on the ground of negligence of the defendant in failing to main-tain its fences.   The jury found that the defendant's section foreman was guilty of negligence in not seeing that the gate in question was closed before the horse was killed, and that, with the knowledge he had, a man of ordinary intelligence and prudence, in his position, ought to have reasonably an-ticipated that the gate would be left open if he did not close it.   Upon this verdict judgment for the plaintiff was entered, from which the defendant appeals.

*Edward M. Hyzer,* for the appellant.

For the respondent there was a brief by *Sheridan & Evans,* and oral argument by *W. L. Evans.*

Dodge, J.   1. Refusal to direct verdict for defendant. Appellant's first contention in this connection is that there was no evidence of negligence on its part.   It appeared that the section foreman charged with the duty of keeping the fence in repair and gates closed saw the gate open in the afternoon of Saturday, and people haying in the adjoining field who, to his knowledge, had been accustomed to leave the gate open on their departure, so that he had reason to believe they would do so on this occasion.   He, however, went away and neither that night nor the next day, during which the plaintiff's horse was killed, did he return.   We are unable to say, as matter of law, that such neglect was the care to be expected from an ordinarily prudent person under the cir-cumstances.   The defect in its fence being thus brought to the notice of appellant, it owed the duty of due diligence in

its repair. Sec. 1810, Stats. 1898; *Laude v. C. & N. W. R. Co.* 33 Wis. 640; *Curry v. C. & N. W. R. Co.* 43 Wis. 665; *Wickham v. C. & N. W. R. Co.* 95 Wis. 23, 26, 69 N. W. 982; *May v. C. & N. W. R. Co.* 102 Wis. 673, 79 N. W. 31; *Crosby v. D., G. H. & M. R. Co.* 58 Mich. 458, 25 N. W. 463; *Wabash R. Co. v. Perbex,* 57 Ill. App. 62; *Manwell v. B., C. R. & N. R. Co.* 89 Iowa, 708, 57 N. W. 441. What period of utter inaction was consistent with due diligence was a question of fact, involving consideration of many surrounding circumstances, and was properly one for the jury.

Appellant next contends that the evidence convicted plaintiff, or rather his hired man, of contributory negligence. The evidence designated as thus effective is that the hired man left this gate open as he found it when he went through on his way to the pasture and on his return. The jury have found that this occurred a week before the horse escaped, and the evidence is undisputed that the pasture was inclosed by an entirely safe and sufficient fence. We find difficulty in crediting counsel with seriousness in arguing that it is negligence *per se* for a farmer to leave a horse in a pasture inclosed by a good and sufficient fence because somewhere else a gate is open through which the horse might pass if once outside of the pasture. However, we cannot agree with the contention. Such conduct is too frequent with the mass of mankind to warrant us in so doing. Neither can we discover any contributory causal connection between leaving the gate open on August 18th and the passage of the horse through the same on the 25th, when, according to the testimony of appellant's sectionman, it was closed several times in the interval.

2. Error is assigned upon an instruction to the effect that, if the section foreman for the first time saw the gate open, but with a load of hay approaching it from the other side, he would have been justified in assuming that the person about to pass through would close the gate, and would have been under no obligation to pay any further attention; but, if he

knew it would be left open, then the question arose for the jury whether he exercised the care of an ordinarily prudent man under like circumstances.   We have already declared our view that under such circumstances the question did properly arise for decision by the jury, and the instruction assailed went no further than to so state, wherein was no error. Whether the preliminary statement that there would have been no negligence if the foreman had not known the gate would be left open is accurate, might be subject to question (*Wabash R. Co. v. Perbex,* 57 Ill. App. 62), but, if erroneous at all, the statement errs in favor of the appellant.

3. The remaining assignment of error is alleged upon the ordering of judgment upon the special verdict, because there is contained therein no finding of proximate cause.   It is admitted that the horse entered upon the right of way by the open gate.   It is said by RYAN, C. J., in *Curry v. C. & N. W. R. Co.* 43 Wis. 676, that of course the open gate does not cause the injury to the horse; but the statute does not require this as a condition of the liability; merely that the result shall be occasioned by the absence of or defect in the fence, and that the injury from a train suffered by an animal which enters by means of such opening is occasioned thereby.   Neither does the statute limit the company's liability to cases where an ordinarily prudent person might have anticipated that animals would probably enter upon the right of way, but imposes absolute liability for any which do enter by reason either of failure to fence or of negligent failure to maintain fence, subject only to defense of contributory negligence in the latter case.   The lawmakers have legislatively assumed the probability that animals will enter on a railroad which is fenced either inadequately or not at all, and dispensed with the necessity of a finding that an ordinarily prudent man would anticipate such event.   The railway company is subjected to the duty of fencing not alone for the benefit of the adjoining owner, but of the public at large.   3 Elliott, Rail-

roads, § 1190; *Curry v. C. & N. W. R. Co.* 43 Wis. 684; *Herrell v. C. & N. W. R. Co.* 114 Wis. 605, 609, 90 N. W. 1071. The danger to be averted, and which the statute assumes to be probable, is not only that to the adjoining owner's cattle lawfully on his premises, but to any others which may be there, either lawfully or as trespassers. *Curry v. C. & N. W. R. Co., supra; May v. C. & N. W. R. Co., supra; Herrell v. C. & N. W. R. Co., supra.* Hence the fact urged by appellant that the owners of the land adjoining this fence were not accustomed to pasture cattle there in no wise absolved the appellant from the liability imposed by the statute in case of negligent omission to maintain its fence. We are entirely satisfied that the verdict in this case found all the controverted facts necessary, in connection with those uncontroverted, to warrant the judgment in plaintiff's favor.

*By the Court.*—Judgment affirmed.