STASZCZUK, Appellant, vs. GILMAN MANUFACTURING COMPANY, Respondent.

*January 14—February 9, 1915.*

*Limitation of actions: Notice of personal injury: Sufficiency: Release of damages: Waiver of notice: Estoppel.*

1. An instrument executed by a minor, in the nature of a release of damages for a personal injury, which not only failed to show that claim for damages would be made but imported on its face that no claim would be made, cannot be deemed such a notice of the injury as is provided for in sub. 5, sec. 4222, Stats..

2. Payment of money by an employer to an injured employee, whereupon the latter executed a release of all claims for damages on account of the injury, did not operate as a waiver of notice of the injury or estop the employer from asserting that no notice had been served, in a subsequent action by the employee to recover damages for such injury.

APPEAL from a judgment of the circuit court for Taylor county: G. N. RISJORD, Circuit Judge. *Affirmed.*

This action was brought to recover for personal injuries sustained by the plaintiff while in the employ of the defendant. At the time of injury the plaintiff was about eighteen years and five months old and was in the employ of the defendant operating a car, which was run by hand, down an incline from the mill of the defendant into the mill yard, which car was used for hauling headings out of said mill. At the time of the injury plaintiff was holding a stick upon the wheel of said car and pressing down upon it for the purpose of braking and controlling the speed of the car running down the incline, and the stick slipped from the wheel, in consequence of which plaintiff fell from the track and was injured. The injury occurred on the 22d day of March, 1910.

The action was based upon the negligence of the defendant. The defendant denies the material allegations respecting negligence and sets up negligence and assumption of risk on the part of the plaintiff. Some other defenses are set up by de-

fendant, and among others that no notice of the injuries was served by plaintiff as required by sec. 4222, Stats.

At the close of the plaintiff's evidence the court granted a nonsuit. Judgment was rendered for the defendant, from which this appeal was taken.

For the appellant there was a brief by *Fogarty & Gonska* and *Victor Linley,* and oral argument by *Mr. Linley.*

For the respondent there was a brief by *McGill & Williams,* and oral argument by *Glen H. Williams.*

KERWIN, J.    It is undisputed that no notice of injury was served, unless an instrument in the nature of a release of damages operated as a sufficient notice.    The following is the so-called release:

"In consideration of the payment of fifty and no/100 dollars to me in hand paid by *Gilman Manufacturing Company,* I do hereby release and forever discharge said *Gilman Manufacturing Company* from any and all actions, causes of actions, claims and demands for, upon or by reason of any damage, loss or injury, which heretofore have been or which hereafter may be sustained by me in consequence of an accident which happened to me on or about the 22d day of March, 1910, wherein I sustained injuries to both my right and left foot and various other external and internal injuries while in the employ of the said *Gilman Manufacturing Co.*    It is also understood and agreed that I am twenty-one years of age.

"It being further agreed and understood, that the payment of said fifty and no/100 dollars is not to be construed as an admission on the part of said *Gilman Manufacturing Company* of any liability whatever in consequence of said accident.

"In witness whereof I have hereunto set my hand and seal this 12th day of May, 1910.

"Signed and sealed in        JOSEPH STASCZECK.    (Seal.)
        the presence of
"Anson Heagle.
"Tony Heagle."

It is insisted by counsel for appellant that the foregoing contains all the elements which the statute requires, therefore was a sufficient notice.   Sub. 5 of sec. 4222, Stats., provides:

". . . No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation.   Such notice shall be given in the manner required for the service of summons in courts of record.   No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the description of the injuries, the manner in which they were received or the grounds on which the claim is made, provided it shall appear that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby; provided, that the provision herein requiring notice of two years shall not apply to any event causing damage which happened before the passage and publication of this act.   When an action shall be brought and a complaint actually served within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

This section contains no exception in favor of minors. *Hoffmann v. Milwaukee E. R. & L. Co.* 127 Wis. 76, 106 N. W. 808.   The release above set forth does not comply with the statute even if treated as a notice served, which it was not intended to be.   It fails to state one at least of the essential requirements of the statute, namely, that the plaintiff claims satisfaction of the defendant for the injuries.   It not only fails to state this material element of the notice required by the statute, but the clear implication of the release is to the

effect that no claim would be made for damages.   The release
may be said to be some evidence of the fact that plaintiff
made a claim before the release was signed, but it is also evi-
dence of his intention that none would be made after the ex-
ecution of the release.   There is nothing whatever in the
instrument of release showing that plaintiff continues to make
claim against the defendant, but on the contrary any claim he
had or claimed to have is released.   The object of the notice
is to inform defendant that a claim for damages is made and
thus enable the defendant to make investigation seasonably.
If an instrument which not only fails to state that claim for
damages will be made but imports on its face that no claim
will be made be held to comply with the statute, the purpose
of the statute is defeated.   *Malloy v. C. & N. W. R. Co.* 109
Wis. 29, 85 N. W. 130; *Maurer v. Northwestern I. Co.* 151
Wis. 172, 138 N. W. 636.

Counsel for appellant relies upon *Odegard v. North Wis.
L. Co.* 130 Wis. 659, 110 N. W. 809, and *Wawrzyniakowski
v. Hoffman & B. M. Co.* 146 Wis. 153, 131 N. W. 429.
These cases do not reach the question here.   They are cases
where suit was commenced and complaint served before ex-
piration of two years from the time of injury, and the statute
expressly provides that in such case no notice other than the
complaint is necessary.   Sub. 5, sec. 4222, Stats.

Some contention is made to the effect that the defendant
waived notice or is estopped from asserting that none was
served.   We find no warrant for such contention in the rec-
ord.   On this question of waiver and estoppel counsel relies
upon *Guile v. La Crosse G. & E. Co.* 145 Wis. 157, 130 N. W.
234.   The principal question in that case was whether the
defendant could estop itself from invoking the bar of the stat-
ute as to giving notice under sub. 5, sec. 4222, and it was held
that it could, and there was evidence that the officers of de-
fendant told the daughter of plaintiff that it was not neces-

sary to serve any papers, and other evidence tending to show that defendant should be estopped. There is no evidence in the present case that any act of the defendant induced the failure of service of notice and no evidence of waiver.

In our view of the case it becomes unnecessary to consider other questions discussed.

*By the Court.*—The judgment is affirmed.