BRUNETTE, Appellant, vs. BRUNETTE, Respondent.

*April 6—May 4, 1920.*

*Master and servant: Injury to servant: Notice of injury: Proceeding under workmen's compensation act as written notice: Industrial commission: Powers: Mistake in remedy.*

1. A notice of claim for compensation based upon the statutory right conferred on an injured employee by the workmen's compensation act, and subsequent proceedings before the industrial commission, with actual knowledge to the employer, is not the written notice contemplated by sub. (5), sec. 4222,

Stats., providing that no action to recover damages for personal injuries shall be maintained unless a written notice is served within two years by the injured person upon the person by whom it is claimed the damage was caused.

2. The industrial commission, under the workmen's compensation act, is an administrative body and not a court, having no powers other than those granted it by the statutes of its creation, and no power to certify or send proceedings brought before it to any court or other tribunal.

3. Proceedings brought by an injured servant before the industrial commission under the workmen's compensation act cannot be held to be the situation contemplated by sec. 2836b, Stats., under which a party who is mistaken as to his remedy or as to the jurisdiction of the court may have his proceedings certified to some other court which has jurisdiction.

4. Nor can a dismissal of proceedings before the industrial commission be considered in substance or effect as analogous to a nonsuit in a court of proper jurisdiction after which a second suit for the same cause of action may be instituted and the first cause be considered as a substantial compliance with sub. (5), sec. 4222, Stats., requiring notice of a claim for damages to be served within two years on the party causing the injury.

APPEAL from a judgment of the municipal court of Brown county: N. J. MONAHAN, Judge. *Affirmed.*

On or about September 15, 1915, the plaintiff while employed by defendant, his brother, as a farm hand on the latter's farm, injured his shoulder in a fall which occurred when he was climbing up through a chute to the upper floor of defendant's barn. The injury interfered with his performing his usual services until the time he left defendant's employ ten days later. He was then examined by a physician, who thereupon notified defendant by letter of the injury. The defendant called at the doctor's office and saw the plaintiff and doctor and was then and there informed of the details of the accident as claimed by plaintiff. On October 4th the defendant reported the accident to the industrial commission, saying as follows:

"No one saw the accident, but the man says he was going up into the hay loft when he fell down to the floor. Party kept on working until Saturday, September 25th, and I

knew nothing of the accident until I got the letter from the doctor telling me about it."

On October 25th the plaintiff was reported by the physician as being cured, and on the 15th day of November, 1915, he was paid by an insurance company on behalf of defendant $65.64, including $37.50 for doctor's bill.

On August 21, 1916, plaintiff was examined by another physician and it was then disclosed that there was an atrophy of the shoulder muscles which results in a permanent substantial impairment in the use of the arm.

On January 18, 1917, the plaintiff made application to the industrial commission for compensation on one of the usual blanks, giving the date of the accident as April, 1916, instead of the correct date, September 15, 1915.

A notice was issued by the industrial commission setting a hearing of said matter for March 2, 1917, which notice was sent by mail, together with a copy of plaintiff's application, and both were received by defendant prior to said March 2d. Defendant appeared on such hearing and denied any injury to the plaintiff in due course of his employment in April, 1915, or at any other time. An examination of its record by the industrial commission disclosed the fact that at the time of the injury in September, 1915, defendant was not then or until November 1, 1915, under the workmen's compensation act. The claim of the plaintiff was thereupon dismissed by the industrial commission.

On March 1, 1918, the summons and complaint herein were served upon the defendant.

Upon the issues framed the jury found that the defendant did not use ordinary care in furnishing a safe place for plaintiff to perform his services; that such want of ordinary care was the proximate cause of the injury; that there was no want of ordinary care and no assumption of risk on plaintiff's part; and assessed his damages at $2,000.

After verdict and upon the several motions made upon the testimony and the pleadings the court granted defend-

ant's motion for judgment on the ground that there had been no compliance by the plaintiff with the provisions of sub. (5), sec. 4222, Stats., which had been asserted as a defense, and dismissed the complaint. From judgment of dismissal the plaintiff has appealed.

For the appellant there were briefs by *Silverwood, Fontaine & McCreery* of Green Bay, and oral argument by *A. B. Fontaine* and *T. P. Silverwood.*

For the respondent there was a brief by *James T. Drought* of Milwaukee, attorney, and *John A. Kittell* of Green Bay, of counsel, and oral argument by *Mr. Drought.*

ESCHWEILER, J.   Sec. 4222, Stats., which is the provision prescribing the general limitation for commencing an action within six years after the accrual of the cause thereof, contains in sub. (5) of said section the following provision, which is the only part material for consideration here:

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record. No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the description of the injuries, the manner in which they were received or the grounds upon which the claim is made, provided it shall appear that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby; . . . When an action shall be brought and a complaint actually served within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

The plaintiff appellant contends that there has been a substantial compliance on his part with the terms of the above statute as to the giving of notice within the two years subsequent to the injury; or else that defendant should be held estopped by his conduct from relying upon that statute; and lastly, that in any event the bringing of the proceedings in January, 1917, for compensation before the industrial commission is in effect the bringing of an action and serving of a complaint within the last sentence of the above quoted portion of sub. (5), sec. 4222, Stats.

Plaintiff's right to recover, if at all, in this action is not founded upon the breach by defendant of any of the statutory provisions relating to master and servant, but solely for an alleged breach of the common-law duty of the defendant to furnish plaintiff a reasonably safe place to work.

The right to compensation for industrial injuries under the workmen's compensation act, secs. 2394—1 to 2394—32, inclusive, is purely a statutory right as distinguished from the common-law right. Although many of the cases in which compensation is allowed under this act involve situations in which there is at the same time a breach by the employer of his common-law duties and obligations towards his employee and for which identical injuries the employee might have, except for this act, a valid ground for recovery of consequent damages at common law, nevertheless the theory and purpose of the compensation act is to make up as nearly as possible to him who has been injured in an industrial pursuit the consequent loss to him irrespective of any questions as to negligence as defined at common law.

A notice, therefore, of the claim for compensation based upon the statutory right conferred on the injured employee by the workmen's compensation act is a distinct and different claim and demand than one made for damages for an alleged breach by and the consequent liability of the employer under the principles of the common law.

The defendant had actual knowledge from the interview

with the plaintiff and his doctor after the injury and before October 2, 1915, at which time defendant made his report of the accident to the industrial commission, of the time and place and manner of the injury, but that situation, together with the subsequent proceedings and notices before the industrial commission, cannot be considered as a substitute for the essential conditions under sub. (5) of sec. 4222, Stats., above quoted, of a written notice signed by the person injured or on his behalf, stating the ground upon which claim is made and that satisfaction thereof was claimed of the defendant.

Neither can the receipt signed by plaintiff in November, 1915, at the time he was paid compensation on behalf of defendant by the insurance company, be considered as in any wise supplying this want, or aiding, with the other writings before the industrial commission, including defendant's own report of October 2, 1915, in making a substitute for a notice that a claim was intended to be made against the defendant on the entirely distinct ground of an alleged breach of his common-law duty. *Staszczuk v. Gilman M. Co.* 159 Wis. 615, 150 N. W. 982.

There having been nothing, therefore, in the record which could be construed in any manner as a compliance with the provision as to giving of a written notice to defendant with reference to this injury within the purview of the statute above quoted, it necessarily follows that there is no application for the rule as to a waiver of the giving of any such notice, as in such cases as *Guile v. La Crosse G. & E. Co.* 145 Wis. 157, 170, 130 N. W. 234, where it was found by the jury that express representations were made by defendant's officers that no further notice of the injury than that which they already had was necessary; or of *Maurer v. Northwestern Iron Co.* 151 Wis. 172, 138 N. W. 636, where there was an express admission of the receipt of an informal notice and a statement that no further notice would be necessary.

The court expressly stated in his written decision disposing of the motions after verdict that there was no evidence of any representation made by defendant to plaintiff that he need serve no notice of injury in order to preserve his rights in this regard, and such conclusion is fully warranted by the record. There is nothing that could be reasonably construed as fraud or deceit on the part of the defendant tending to lull the plaintiff in any manner into the belief that the statutory prerequisites to his right to claim damages on the ground of the alleged breach of the common-law duty of defendant towards him were being waived. *Smith v. C., M. & St. P. R. Co.* 124 Wis. 120, 102 N. W. 336. See, also, *Uhlenberg v. Milwaukee G. L. Co.* 138 Wis. 148, 151, 119 N. W. 810.

The plaintiff appeared by attorneys before the industrial commission in the proceedings started by him in January, 1917. There still existed the period between the dismissal thereof in March and September 15, 1917, the two years subsequent to the injury, within which timely notice might have been given or action commenced, by either of which methods plaintiff's rights might have been preserved as against the conditions prescribed in sub. (5), sec. 4222, Stats., *supra*. Nothing was done, however, by plaintiff or on his behalf in this interim other than possibly some general conversations between the attorneys of the respective parties, and defendant cannot be charged with plaintiff's failure to take either of such steps during that interval.

The industrial commission, under the workmen's compensation act, is an administrative body and not a court. It has no powers as such body other than those granted it by the statutes of its creation, and it has no power of certifying or sending proceedings brought before it to any court or other tribunal.

The proceedings, therefore, brought before it cannot be held to be the situation contemplated by sec. 2836b, under which, when it appears to a court that a party claiming

Brunette v. Brunette, 171 Wis. 366.

affirmative relief or damages has mistaken his remedy, his proceeding or action shall not be finally dismissed or quashed, but he shall be allowed a reasonable time within which to amend, or, in case the court has no jurisdiction to grant the relief sought, then the action, or a divisible part thereof, may be certified to some other court which has jurisdiction. Its application is illustrated in such cases as *Cronin v. Janesville T. Co.* 163 Wis. 436, 158 N. W. 254; *Komorowski v. Jackowski,* 164 Wis. 254, 159 N. W. 912, or of *Dring v. Mainwaring,* 168 Wis. 139, 169 N. W. 301, where proceedings in one court were permitted to be changed in form and substance or certified to another court which may more properly assume jurisdiction; but it cannot avail the plaintiff here.

By parity of reasoning neither can the dismissal of the proceedings before the industrial commission in March, 1917, be considered in substance or effect as analogous to such a nonsuit in a court of proper jurisdiction after which a second suit for the same cause of action may be instituted and the first cause be considered as a substantial compliance with the last sentence of sub. (5), sec. 4222, quoted above, as was held in the cases of *Odegard v. North Wis. L. Co.* 130 Wis. 659, 110 N. W. 809, or in *Wawrzyniakowski v. Hoffman & Billings M. Co.* 146 Wis. 153, 158, 131 N. W. 429.

Plaintiff having failed to comply with the provisions of sub. (5), sec. 4222, he lost the right of action asserted in this case, and the court below properly directed judgment for the defendant.

This disposition of the case renders it unnecessary to consider any other questions presented on this appeal.

*By the Court.*—Judgment affirmed.