# CHARLES BURKHARDT v. NORTHERN STATES POWER COMPANY.[1]

June 13, 1930.

No. 27,956.

[1]Reported in 231 N. W. 239.

F. E. *Withrow* and M. J. *Owen*, for appellant.

*Brown, Somsen & Sawyer* and *Lees & Bunge*, for respondent.

OLSEN, C.

At the close of plaintiff's evidence the trial court dismissed the case on the ground that the action was barred by the statute of limitations of the state of Wisconsin, where the action arose. Plaintiff thereafter moved for a new trial and appeals from the order denying his motion.

Plaintiff is a resident and citizen of Wisconsin residing near Viroqua. Defendant is a Wisconsin corporation operating an electric light and power plant at Viroqua. Plaintiff was burned and injured on June 26, 1923, by coming in contact with an electric wire from defendant's power plant on or alongside a highway near Viroqua. After the accident the defendant employed one Dr. Morley, a physician and surgeon at Viroqua, to treat plaintiff's injuries, and he was so treated from the time of the injury until November 17, 1923, and defendant paid for the medical and surgical treatment. The burns were then practically healed. On the date last mentioned a settlement was made whereby defendant paid the plaintiff $200, in addition to the payments made for medical and surgical treatment so furnished, and plaintiff gave his receipt and release, releasing and discharging the defendant from any and all further liability and claim on account of the injury suffered by plaintiff.

Plaintiff thereafter suffered from various ailments. In July, 1924, he consulted Dr. Anderson and was treated by him and was in a hospital for about four weeks. At that time plaintiff was found to be in a nervous condition, indicating injury to his nervous system, and had some kidney trouble and constipation. His ail-

ments were ascribed by him to his injury on June 26, 1923. He has since been treated by several doctors, has been in hospitals for various periods, and had a number of operations for different ills. He claims all his ailments and incapacity as resulting from the injury in question. He seeks to have the release given in November, 1923, set aside on the ground of fraud and mistake.

■ The present action was commenced in March, 1929. The statute of Wisconsin, which the trial court held a bar to this action, is Wis. St. 1923, § 4222(5), reading as follows:

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record."

It is conceded that no notice as provided for in this statute was ever served on defendant, and that no notice to or claim upon defendant was made at any time after November 17, 1923, until this action was brought. It is claimed that by furnishing medical and surgical treatment to plaintiff prior and up to November 17, 1923, and then by making settlement with him defendant waived the statutory notice. The statute has been construed by the supreme court of Wisconsin. The paragraph above quoted is in and a part of the chapter limiting the time for the commencement of actions and has been construed to be in the nature of a statute of limitations.

■ The construction given to the statute by the supreme court of Wisconsin will be followed in this state. Bronson v. St. Croix Lbr. Co. 44 Minn. 348, 46 N. W. 570; Paquin v. Wisconsin Cent.

Ry. Co. 99 Minn. 170, 108 N. W. 882; Nieter v. McCaull-Dinsmore Co. 159 Minn. 395, 199 N. W. 85.

■ The Wisconsin cases, Staszczuk v. Gilman Mfg. Co. 159 Wis. 615, 150 N. W. 982; Brunette v. Brunette, 171 Wis. 366, 177 N. W. 593; and Lockman v. Steensland, 174 Wis. 570, 183 N. W. 676, clearly show that strict compliance with the statute is required in that state; that some other kind of notice, negotiations for a settlement, or the making of a settlement is not sufficient reason for holding notice waived under that statute. In Malloy v. C. & N. W. Ry. Co. 109 Wis. 29, 85 N. W. 130, the statute is expressly held to be a statute of limitations, which must be pleaded. It is properly pleaded in the answer in the present case. If the settlement and release did not relieve the plaintiff from thereafter giving notice of claim, it cannot be held that the furnishing of medical and surgical aid prior to the release was a sufficient waiver. In the Staszczuk case, 159 Wis. 615, 150 N. W. 982, the court points out that after a release is given and the matter closed so far as the defendant is concerned, reasonably prompt notice of any future development or further claim is fully as important as if there were no release. The release is evidence of the intention of plaintiff to make no further claim. If further claim is to be made, defendant is entitled to notice thereof so that it may investigate the basis for such claim. Dr. Morley, the physician employed by defendant, died some time after the release was given, long before this suit was commenced.

■ Under the decisions of the Wisconsin court the action would have been barred if brought in that state. If barred there it is also barred here. G. S. 1923 (2 Mason, 1927) § 9201; Luce v. Clarke, 49 Minn. 356, 51 N. W. 1162; Powers Merc. Co. v. Blethen, 91 Minn. 339, 97 N. W. 1056; Drake v. Bigelow, 93 Minn. 112, 100 N. W. 664; Kamper v. Hunter Land Co. 146 Minn. 337, 178 N. W. 747; Moe v. Shaffer, 150 Minn. 114, 184 N. W. 785, 18 A. L. R. 1194.

■ The plaintiff alleges in his reply that at the time the release was given, defendant's physician and one of its agents represented to plaintiff that his injuries were practically cured and that it would be only a matter of a short time before he would be entirely well.

These representations are alleged to constitute fraud or mistake, and it is claimed that on that ground not only should the release be set aside, but that such fraud constituted a waiver of the notice. If there was any fraud in obtaining the release, which we do not decide, plaintiff discovered it at least as early as July 4, 1924, in ample time to have given the required notice.

In the case of Guile v. LaCrosse G. & E. Co. 145 Wis. 157, 130 N. W. 234, the defendant's officers expressly represented to plaintiff, or to a member of his family, that it was not necessary to serve any paper or notice on them and promised that they would do all they could to obtain damages for plaintiff from the insurer. Plaintiff relied upon these representations and promises and was induced thereby not to serve any notice. The defendant was held estopped from claiming the action barred by the statute.

In Ludington v. Patton, 111 Wis. 208, 86 N. W. 571, where fraud was practiced upon a widow by trustees standing in confidential relations to her, the holding was that the statute of limitations commenced to run from the time she knew of the fraud, or might have known thereof by the exercise of ordinary care. Plaintiff here gave no notice and commenced no action within two years after he discovered the alleged fraud.

We cannot say that these cases furnish any ground for relief to the present plaintiff. They indicate that, under some circumstances where the defendant, by promises or by fraud, has induced the plaintiff to refrain from taking proper steps by notice or action to preserve or enforce his rights, then defendant may be estopped, or the statute may not run against plaintiff, until he discovers the fraud. The promises or representations made must have some reference to or bearing upon the matter of notice so as to induce plaintiff not to act.

Upon the record here presented the action is barred by the Wisconsin statute.

Order affirmed.