Voss, Respondent, vs. TITTEL, Appellant.

*September 11—October 8, 1935.*

For the appellant there were briefs by *Robert R. Freeman* and *Ronold A. Drechsler,* both of Milwaukee, and oral argument by *Mr. Drechsler.*

*Charles A. Copp* of Sheboygan, for the respondent.

NELSON, J.    The plaintiff seeks to recover damages for injuries sustained by her as a result of alleged negligent treatment given her by the defendant on and between July 30, 1932, and August 8, 1932.    It is alleged that, as a result of the defendant's treatment of her for a skin disorder in the region of her left eye, the left side of her nose was totally

destroyed and sloughed off, that the skin and muscular tissues of the left side of her cheek suffered similar destruction and injury, and that her eyesight was greatly impaired. The last treatment given her was August 8, 1932. No notice of injury as required by sec. 330.19 (5), Stats., was ever served upon the defendant. No complaint was served upon him until August 25, 1934, more than two years after August 8, 1932, the date of the last treatment.

The court held that the service of the summons, affidavit of plaintiff's attorney, notice of adverse examination, and subpœna, constituted substantial compliance with the provisions of sec. 330.19 (5), and accordingly sustained the plaintiff's demurrer to the defendant's plea in bar. The defendant contends that the court erred in so holding. So much of sec. 330.19 (5) as needs consideration is as follows:

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record. No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the description of the injuries, the manner in which they were received or the grounds on which the claim is made, provided it shall appear that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby; provided, that the provision herein requiring notice of two years shall not apply to any event causing damage which happened before the passage and publication of this act. When an action shall be brought and a complaint actually served

within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

That statute has often been considered by this court. In *Hoffmann v. Milwaukee E. R. & L. Co.* 127 Wis. 76, 106 N. W. 808, it was said:

"The statute in question is clear and unambiguous, and if its words be given their plain, obvious, and ordinary meaning there can be no room for doubt that the legislature intended the statute requiring notice to be served within one year after the happening of the event causing the damage should apply to all persons. To give it any other construction would be to disregard the plain meaning of the statute."

The statute requires that notice in writing must be served within two years unless the complaint is so served. The statute plainly requires that the notice shall state the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received, the grounds upon which claim is made, and that satisfaction thereof is claimed of the person served. The statute also provides that the notice shall not be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the description of the injuries, the manner in which they were received, or the grounds on which the claim is made, provided it shall appear that there was no intention on the part of the person giving the notice to mislead the other party, and that such party was not in fact misled thereby.

The statute applies to actions to recover damages for injury to the person caused by alleged malpractice. *Frechette v. Ravn,* 145 Wis. 589, 130 N. W. 453; *Lotten v. O'Brien,* 146 Wis. 258, 260, 131 N. W. 361; *Klingbeil v. Saucerman,* 165 Wis. 60, 160 N. W. 1051; *Shovers v. Hahn,* 178 Wis. 615, 190 N. W. 432. It must be complied with, even by a minor who has sustained an injury, since no exceptions are found in the statute. *Hoffmann v. Milwaukee E. R. & L.*

*Co., supra.* The statute, properly speaking, is not a statute of limitation. As was said in *Troschansky v. Milwaukee E. R. & L. Co.* 110 Wis. 570, 86 N. W. 156:

"The statute does not assume to limit the time in which the action is to be commenced. . . . The limitation is not upon the time of the commencement of the action, but upon the time within which a certain prescribed act, necessary to the enforcement of his cause of action, shall be done. If this is not performed within the time so limited, he loses his right to proceed." Approved in *Hoffmann v. Milwaukee E. R. & L. Co., supra; Manas v. Hammond,* 216 Wis. 285, 257 N. W. 139.

The plaintiff contends in support of the order entered that since the purpose of the statute is to advise the defendant within a reasonable time after the happening of an event which caused such damages, that the injured party intends to hold him responsible therefor, so as to afford the latter an opportunity to investigate the circumstances before they become stale and to preserve evidence for his defense, *Malloy v. Chicago & N. W. R. Co.* 109 Wis. 29, 32, 85 N. W. 130; that she substantially complied with the statute by serving upon the defendant within the two years a summons, an affidavit by her attorney, and a notice of examination. Had the legislature intended that the service of a summons, together with an affidavit upon which is based a notice of examination of an adverse party, before serving a complaint, would suffice, it would have been a simple matter so to provide. In *Brunette v. Brunette,* 171 Wis. 366, 177 N. W. 593, it was held that making a claim under the Workmen's Compensation Act within two years could not be considered a substitute for the notice of injury or considered as a service of the complaint. In *Staszczuk v. Gilman Mfg. Co.* 159 Wis. 615, 150 N. W. 982, the plaintiff at the time of the injury was a minor. Within a comparatively short time after he was injured, he executed a release to the defendant dis-

charging it from all claims, demands, etc., arising out of the injuries sustained. After attaining his majority he commenced an action to recover damages for alleged negligence of the defendant. The defendant set up the failure of the plaintiff to serve the notice of injury required by sec. 4222 (now 330.19 (5)). In that action it was contended that the release operated as a sufficient notice and a compliance with the statute. The court said:

"The release above set forth does not comply with the statute even if treated as a notice served, which it was not intended to be. It fails to state one at least of the essential requirements of the statute, namely, that the plaintiff claims satisfaction of the defendant for the injuries."

That case is authority for the proposition that if the notice fails to state any one of the essential requirements of the statute it is not sufficient. In the present case nothing in the summons or in the affidavit or notice of examination contains any statement as to the "place" where the plaintiff sustained her damages. So, even if we were disposed to hold, which we are not, that the statute may be complied with by serving a summons, affidavit, and notice of adverse examination within two years, the documents exhibited in this action, taken and construed together, would have to be held insufficient.

As before stated, the statute is plain and unambiguous. To comply with it presents no difficulty. It must be complied with if one desires more than two years in which to bring his action and serve his complaint. If the statute, as enacted, is too exacting and occasionally results in what may seem to some to be an injustice, the remedy is within the legislative province, not the judicial.

*By the Court.*—Order reversed.