Jeanette **LUNDQUIST**, Plaintiff,

v.

**CODDINGTON BROS., INC.**, a Wisconsin corporation, Defendant.

Civ. A. No. 3420.

United States District Court
W. D. Wisconsin.

Feb. 26, 1962.

D. V. W. Beckwith, Madison, Wis., for plaintiff.

Frank A. Ross, Jr., Spohn, Ross, Stevens & Pick, Madison, Wis., for defendant.

STONE, District Judge.

Defendant has moved for a summary judgment dismissing the complaint.

It is undisputed that plaintiff's intestate, Harry A. Lundquist, died on December 3, 1958, as a result of an accident; that the summons in this action was issued by this Court on February 28, 1961, and was served on defendant March 2, 1961. Section 330.21 of the Wisconsin Statutes, being a part of Chapter 330 of the statutes entitled "Limitations of Actions" was then in force and provided as follows:

Sec. 330.21 "Within two years: * * *

"(3) An action brought to recover damages for death caused by the wrongful act, neglect or default of another."

After the commencement of this action, An Act to repeal 330.21(3) was enacted by the Wisconsin Legislature; the date of publication of this Act was January 30, 1962. It provided in part as follows:

"Section 2. 330.205(2) of the statutes is created to read:

"330.205(2) An action brought to recover damages for death caused by the wrongful act, neglect or default of another where death resulted on or after July 1, 1955.

"Section 330.21(3) of the statutes is repealed."

This Act extended the Statute of Limitations beyond the two year period fixed by Section 330.21(3).

■ The question before this Court is: Can the Wisconsin Legislature lawfully revive a cause of action against which the Statute of Limitations had run prior to the effective date of the Act, purporting to extend the Statute of Limitations.

For more than a century past the Supreme Court of this State has consistently held that when the Statute of Limitations has run upon a cause of action, the right of action has been extinguished, and there is vested in the person against whom liability could be asserted a right of defense which is beyond the power of the Legislature to take away or impair.

In Maryland Casualty Company v. Beleznay, 245 Wis. 390, 14 N.W.2d 177, Justice Rosenberry speaking for the State Supreme Court of Wisconsin, said:

"It appears therefore that at the time this action was begun on August 26, 1942, any action which the plaintiff or the assured might have had against the defendant for conversion or for money had and received was barred by the statute of limitations. In Wisconsin the run-

ning of the statute of limitations *absolutely* extinguishes the cause of action for in Wisconsin limitations are not treated as statutes of repose. The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, which is as of high dignity as regards judicial remedies as any other right and it is a right which enjoys constitutional protection."

Maryland Casualty Co. v. Beleznay, 245 Wis. 390, 393, 14 N.W.2d 177, 178.

In Pereles v. Leiser, 119 Wis. 347, 96 N.W. 799, the Court said:

" * * * this court approves the doctrine as stated in Woodman v. Fulton, 47 Miss. 682, 'that the bar created by the statute of limitation is as effectual as payment or any other defense, and when once vested cannot be taken away by legislative action without the defendant's consent.' "

Pereles v. Leiser, 119 Wis. 347, 351, 352, 96 N.W. 799, 800.

In State v. Chicago & N. W. R. Co., 132 Wis. 345, 112 N.W. 515, the Court said:

"At this time all causes of action which had accrued six years before were barred, and were as effectually extinguished as if they had been satisfied by actual payment. Under such circumstances, the right, so created, constitutes property, and *the state cannot deprive the party of it by legislative action which enlarges the period of limitation* or by creating a new remedy for the collection of such claims. The authorities of this court on this proposition are numerous and clearly settle the law for this state."

State v. Chicago & N. W. R. Co., 132 Wis. 345, 361, 362, 112 N.W. 515, 521.

■ The Supreme Court of Wisconsin has consistently adhered to the Wisconsin doctrine that the running of the Statute of Limitations absolutely extinguish-

es the cause of action, for in Wisconsin limitations are not treated as a "statute of repose." The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, and it is a right which enjoys constitutional protection. Maryland Casualty Co. v. Beleznay, 245 Wis. 390, 14 N.W.2d 177; Laffitte v. City of Superior, 142 Wis. 73, 125 N.W. 105; First National Bank of Madison v. Kolbeck, 247 Wis. 462, 19 N.W.2d 908, 161 A.L.R. 882.

■ The rule of law almost universally supported by the authorities, is that retrospective laws are unconstitutional if they disturb or destroy existing or vested rights, as by arbitrarily recreating a right or liability already extinguished by operation of law. 16A C.J.S. Constitutional Law § 417, pp. 99–103.

It was held in Estate of Riley's, 6 Wis. 2d 29, at 37, 94 N.W.2d 233, at 237:

"A statute dealing with substantive rights cannot affect rights vested on its effective date."

The case of Schultz v. Vick, 10 Wis.2d 171, 102 N.W.2d 272, strongly relied on by plaintiff does not alter the Wisconsin rule of law heretofore referred to.

In the Schultz v. Vick case the action was brought within two years from the date of the accident. In the instant case it was not.

The legal issue prescribed and decided in the Schultz v. Vick case was not the "Bar of the Statute of Limitations" but the effect of the removal of a second requirement of maintaining an action for wrongful death; namely, the giving of a notice of injury, or in the alternative, serving a complaint within the two-year period. No notice was given in the Schultz v. Vick case, or in this action. In the Schultz v. Vick case the Statute of Limitations was not involved. The opinion in Schultz v. Vick starts with this sentence:

"The issue in this case is whether defendants had a vested constitutional right in the statutory notice requirement under the provisions of sec. 330.19(5), Stats. 1955, which provides:

"'* * * No action to recover damages for an injury to the person shall be maintained unless, within 2 years after the happening of the event causing such damages, notice in writing, signed by the party damaged, * * * shall be served upon the person or corporation by whom it is claimed such damage was caused, * * *.'"

Schultz v. Vick, 10 Wis.2d 171, 173, 102 N.W.2d 272.

The Court held the requirement notice was not a right vested in the defendant, but it was but a rule of procedure and within the power of the legislature to control.

In Nelson v. American Employers' Insurance Co., 262 Wis. 271, 55 N.W.2d 13, the Court said:

"The portion of the statute just quoted (Sec. 330.19(5), Stats. 1951 —the notice Statute) is not a statute of limitations but imposes a condition precedent to the right to maintain an action." (Citing cases)

Nelson v. American Employers' Ins. Co., 262 Wis. 271, 276, 55 N.W.2d 13, 15.

In Klingbeil v. Saucerman, 165 Wis. 60, 160 N.W. 1051, 1 A.L.R. 1311, the Court points out how "notice statutes" differ from one of limitations.

In Voss v. Tittle, 219 Wis. 175, 262 N.W. 579, 101 A.L.R. 722, the Court said:

"The statute properly speaking is not a statute of limitation."

Voss v. Tittle, 219 Wis. 175, 179, 262 N.W. 579, 580, 101 A.L.R. 722.

■ In the case before the Court the Statute of Limitations had run before the action was commenced, and the legislature could not extend the time after the date of limitation so as to enable plaintiff to commence and maintain this action against defendant.

By Section 990.06, the provisions of Chapter 650, Laws of 1962, apply only

to rights and remedies accruing after January 30, 1962.

Section 990.05, Stats.1959, reads as follows:

"990.05 Laws and acts; time of going into force. Every law or act which does not expressly prescribe the time when it takes effect shall take effect on the day after its publication."

The new statute repeals one statute and creates another, and Section 990.06 applies. It reads as follows:

"990.06 Repeal or change of law limiting time for bringing actions. In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide."

There is no such express provision in Chapter 650.

The above entitled action was commenced more than two years after the occurrence that caused the death of Harry A. Lundquist, deceased. Section 330.21(3) of the Wisconsin Statutes, being a part of Chapter 330 of the Statutes entitled "Limitations of Actions" provides as follows: "330.21(3) An action brought to recover damages for death caused by the wrongful act, neglect or default of another" applies on this motion.

Under the long unbroken line of authorities in this state, the conclusion is inescapable that defendant's motion for judgment dismissing plaintiff's complaint should be granted.

It is therefore ordered that judgment be entered herein dismissing plaintiff's complaint, without costs.